AUGUSTUS BOULDIN, and others, *vs.* THE MAYOR & CITY COUNCIL OF BALTIMORE, and others.

Unless the owners of a majority of the feet fronting on a street to be paved, assent in writing to the paving, the proceedings of the city authorities directing it to be done are *null* and *void*, and a court of equity has, upon application of the non-assenting owners, *jurisdiction* to prevent, *by injunction*, the sale of their property to pay for such paving.

At the hearing of a motion to dissolve upon bill, answer and proof, under the Act of 1835, ch. 380, the answer of a corporation, under its corporate seal, *without oath*, is not equivalent to the answer of an individual under oath, and is not such a denial of the equity of the bill as will authorise a dissolution of the injunction.

When a case is before the court upon motion to dissolve, and affidavits have been taken under the Act of 1835, the defendant is not authorised, by that Act, to rely upon the affidavits for the purpose of denying or disproving the equity stated in the bill, where his answer is not a sufficient denial of such equity.

The answer of a corporation, under its corporate seal, without oath, has the same force and effect, as evidence, as the answer of an individual, not under oath, would have in like cases, and no other or greater.

The Acts of 1852, ch. 133, and 1853, ch. 344, relating to the effect of answers, as evidence, do not, nor does either of them, apply to an answer, at the hearing of a motion to dissolve an injunction previous to a final hearing of the cause.

APPEAL from the Circuit Court for Baltimore city.

This appeal was taken from an order of the court below, (KREBS, J.,) dissolving an injunction which had been granted upon a bill filed, on the 16th of July 1857, by the appellants against the appellee. The facts of the case, so far as necessary to explain the decision now made, are stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J., by *R. J. Bouldin* and *Chas. F. Mayer* for the appellants, and *Geo. M. Gill* for the appellees.

*Note.*—As the decision of the court sustains the objection urged by the counsel for the appellants, that the answer being without oath, no motion for dissolving the injunction

could be entertained by the court below, nor by this court, upon such an answer, or on any effect thereof, as evidence or otherwise, the arguments of counsel which were chiefly upon other questions in the case, are omitted.

ECCLESTON, J., delivered the opinion of this court.

This bill was filed, by the appellants, in the Circuit Court for Baltimore city, on the 16th of July 1857, against the appellees, The Mayor & City Council of Baltimore & others; in which it is alleged the complainants are owners of certain lots of ground, binding on Bell-Air road or Bell-Air avenue, in the city of Baltimore; which lots were advertised to be sold, for the payment of assessments made thereon, under proceedings in relation to grading and paving part of Bell-Air avenue.   The bill alleges that these proceedings are illegal and void, and prays for an injunction to prohibit the sale of the lots.

Several grounds on which the complainants charge the said proceedings to be illegal and void, are set forth in the bill, but for the purposes of this case the notice of one will be sufficient, which is, that the application to pave was not signed by the proprietors or owners of a majority of the feet of ground binding and fronting on that part of Bell-Air avenue, proposed to be paved.

In the case of *Holland vs. The Mayor & C. C. of Balto., et al.*, 11 *Md. Rep.*, 186, this court established the doctrine that unless the owners of a majority of the feet fronting on a street to be paved, assent in writing to the paving, the proceedings of the city authorities, directing the paving to be done, are *null* and *void*, and a court of equity has, upon application of the non-assenting owners, *jurisdiction* to prevent, by injunction, the sale of their property to pay for such paving.

In the case before us the court granted the injunction.   The answer then came in, and the defendants entered a motion to dissolve.    At the instance of the complainants, the court passed an order authorizing the parties "to take testimony in

reference to the allegations of the bill," before a commissioner appointed for that purpose.

The complainants objected, in the court below, to the motion to dissolve, because the answer was without oath.

They also excepted to the answer for several reasons, which need not now be considered.

The evidence taken under the commission having been returned, the court dissolved the injunction, and the complainants appealed from the order of dissolution.

The appeal is taken from an order dissolving an injunction, upon a motion to dissolve, in a case heard upon bill, answer and proof, taken under the Act of 1835, ch. 380.

The Mayor and City Council and the other defendants, answered jointly, without oath, the seal of the corporation being thereto attached.

It thus becomes necessary to decide whether, at the hearing of such a motion, the answer of a corporation, under its corporate seal without oath, is to be regarded as equivalent to the answer of an individual under oath. Because, if not, the equity of the bill is not so denied as will authorize a dissolution of the injunction.

In *Hamilton vs. Whitridge*, 11 *Md. Rep.*, 128, upon an appeal by the defendant from an order continuing an injunction, passed on a motion to dissolve, the case was heard upon bill, answer and affidavits, under the Act of 1835, ch. 380. On page 143, the court said: "In this stage of the cause, if the bill shows a case entitling the parties to the injunction, it will not be dissolved, if the equity is not denied by the answer." It was held that the defendant had refused to answer the allegations of the bill, on a material point, and the order appealed from was affirmed.

When a case is before the court upon a motion to dissolve, and affidavits have been taken under the Act of 1835, the defendant is not authorized, by that Act, to rely upon the affidavits for the purpose of denying or disproving the equity stated in the bill, where the answer is not a sufficient denial of the equity.

If, therefore, the answer of a corporation under its cor-

porate seal without oath, cannot be considered such a denial, the order appealed from is erroneous.

In *Fulton Bank vs. N. Y. & Sharon Canal Company*, 1 *Paige's Ch. Rep.*, 311, it is said, "no dissolution of the injunction can be obtained upon the answer of a corporation, which is not duly verified by the oath of some officer of the corporation, or other person, who is acquainted with the facts contained therein." And there the motion to dissolve was denied.

In deciding the case of *Union Bank of Georgetown vs. Gearey*, 5 *Pet.*, *S. C. Rep.*, 111, upon a final hearing the court say: "An answer in all cases, according to the course and practice of courts of chancery, must be sworn to; unless dispensed with by order of the court under special circumstances. In the present case, the answer being by a corporation, it is under their common seal, unaccompanied by an oath. And although the reason of the rule, which requires two witnesses, or circumstances to corroborate the testimony of one, to outweigh the answer, may be founded in a great measure upon the consideration that the complainant makes the answer evidence by calling for it; yet this is in reference to the ordinary practice of the court requiring the answer to be on oath. But the weight of such answer is very much lessened, if not entirely destroyed as matter of evidence, when unaccompanied by an oath; and indeed we are inclined to adopt it as a general rule, that an answer not under oath is to be considered merely as a denial of the allegations in the bill, analogous to the general issue at law, so as to put the complainant to the proof of such allegations."

It is said by the court, in *Md. & N. Y. Coal & Iron Co. vs. Wingert*, 8 *Gill*, 174, "We consider the answer and amended answer of this corporation as having the same force and effect, as evidence, as the answer of an individual, not under oath, would have in like cases, and no other or greater." Those answers were under the corporate seal of the company, attested by the president thereof. The decision was on appeal from a decree for the sale of mortgaged premises.

In our opinion, the Legislature never intended that the

Acts of 1852, ch. 133, and 1853, ch. 344, or either of them, should apply to an answer, at the hearing a motion to dissolve an injunction, previous to a final hearing of the cause. We consider this a correct view in regard to the Acts of 1852 and 1853, whatever may be considered the supposed incongruity of the decision in the case of *Winchester & Lemmon vs. Balto. & Susq. R. R. Co.*, 4 *Md. Rep.*, 231. The question, however, is put at rest, by the 103rd section of the XVI. article of the code of general public law, in cases coming within the operation of the code.

Believing, as we do, that the equity of this bill has not been fully denied, by such an answer as could authorize the passage of the order appealed from, it will be reversed, the injunction continued, and the cause remanded.

*Order reversed, injunction continued,*

*and cause remanded.*

(Decided February 7th, 1860).