( Decided Oct. 29th, 1861.)

---

## John C. Dorsey, and others, *vs.* The Hagerstown Bank, and B. A. Garlinger.

The Acts of 1852, ch. 133, and 1853, ch. 344, relating to the effect of answers in equity, as evidence, do not apply to the hearing of a case on motion to dissolve an injunction, and where the answers swear away the equities of the bill, the injunction, on such hearing, must be dissolved.

Where a cause is not set down for final hearing, but simply on the motion to dissolve the injunction, it is irregular on such hearing to *dismiss the*

*bill;* it should be retained, and the complainants allowed to proceed with the cause to final hearing.

APPEAL from the Equity Side of the Circuit Court for Washington county.

The bill in this case was filed on the 26th of August 1858, by the appellants against the appellees, for an injunction to restrain execution of a judgment recovered by the bank against the complainants; the other defendant was the sheriff executing the process.

The bill charges that the bank recovered a judgment, in November 1846, against the complainants, for $2750, and that the same was revived by *scire facias* in March 1857. It then charges that Dorsey, the principal judgment debtor, had, from 1849 to 1856, made certain specified payments on this judgment to the bank, or its attorney, and that the bank has issued execution thereon, with directions to the sheriff to allow only a *part* of such credits. The injunction was granted upon the filing of the bill.

The answer of the bank, *under oath,* denies the existence and applicability of the credits claimed by the bill to this judgment, and explains fully all the matters connected therewith. The answers of both defendants also take defence to the bill on the ground that all the credits claimed by it were before the judgment of *fiat* on the *scire facias,* and the complainants do not impeach the said *fiat* by facts, or on any grounds which they could not have availed themselves of at law, nor were they prevented from so doing by fraud or accident, or by the act of the opposite party, unmixed with any negligence or fault on their own part.

On filing the answers, the defendants entered a motion to dissolve, and an order of court was passed setting this motion down for hearing on the 11th of December 1858, and leave granted to both sides to take proof to be used upon this hearing. No proof, however, was taken. Certain proceedings were then had at the instance of the complainants, to make the executors of one of the complainants who had died since the filing of the bill, parties. On the 30th of December 1859,

the complainants filed an exception to the answer of the bank, upon the ground that it was not signed by a solicitor or attorney of the court, and, on leave, the answer was amended in this particular. On filing the amended answer, the motion to dissolve was again made, and on the 8th of February 1860, the court passed an order *"that this cause be set down for hearing* on the 1st Monday of March next,"* and on the 31st of March 1860, the court (PERRY, J.) passed an order or decree dissolving the injunction, dismissing the bill, and awarding costs to the defendants. This decree states: "The above cause *standing ready for hearing*, and *being submitted*, and the bill, answers and proceedings having been carefully read and considered, it is thereupon," &c. From this decree or order the complainants appealed.

The cause was argued before LE GRAND, C. J., BARTOL and GOLDSBOROUGH, J.

*R. H. Alvey*, for the appellants:

1st. The decree was erroneous, because on mere motion to dissolve the injunction, the whole cause has been disposed of, as on final hearing. The bill has been dismissed, and costs awarded, terminating the case prematurely, and denying to the complainants the benefit of further proceeding and final hearing. The cause standing for hearing on motion to dissolve only, and being submitted, which means simply that the parties leave it to the chancellor to determine, without argument, (4 *H. & McH.*, 174,) the propriety of dissolving the injunction, was the only question within the province or power of the court. It is the right of the complainant, in every injunction cause, to have the proceeding brought to *final* hearing, as distinguished from hearing on motion to dissolve. If the injunction be dissolved on motion, the complainant may, if he thinks proper, proceed to establish by proof the allegations of his bill, and if he succeeds, either the injunction is renewed or other relief is granted by the final decree, as is proper for the circumstances of the case. 1 *Bland*, 200, 201, *Paul vs. Nixon.*

Dorsey, *et al.*, *vs.* Hagerstown Bank, *et al.*

2nd. But in any aspect of the case as presented, the decree being final, was improper.   To have justified such a decree, the cause should have been set down for final hearing—a proceeding that never occurred, and which none but the complainants, in the then predicament of the case, could take. 7 *G. & J.*, 275, *Somerville vs. Marbury.*   Upon filing the answers, the motion to dissolve, the obtention of a commission, or rule further proceedings, were the only proceedings the defendants could take.   Or, at any rate, if they undertook to set the case down for final hearing on filing the answers, and without suing out a commission, and giving the complainants an opportunity of proving the allegations of their bill, it would be on the terms of admitting all the allegations of the bill as true; and if the case be decided on such state of facts, the decree was clearly wrong, and the injunction should have been perpetuated.   1 *Bland*, 201.

3rd. The injunction should not have been dissolved, the equities of the bill not having been refuted by the responsive facts of the answers.

*Oliver Miller*, for the appellees:

1st. The answer having sworn away the entire equity of the bill, and there being no proof to sustain the allegations of the latter, the dissolution of the injunction followed, as a matter of course; the answer being under oath, its allegations must be taken as true.   The Act of 1852, ch. 133, has no application to an answer upon motion to dissolve, nor even to a final hearing upon bill and answer.   10 *Md. Rep.*, 39, *Warren vs. Twilley.*   15 *Md. Rep.*, 260, *Gelston vs. Rullman.*

2nd. The bill itself shows no case entitling the complainants to relief in equity, and was, for this reason, properly dismissed.   The judgment was revived by *scire facias* in 1857, for the *full amount* of $2750, and all the credits claimed in the bill were prior to that period, and should have been availed of then.   The bill does not impeach this judgment of *fiat* upon any facts or upon any grounds of which the complainants could not have availed themselves at law, nor is it alleged that they were prevented from so doing by fraud or ac-

cident, or by the act of the opposite party, unmixed with any fault or negligence of their own. If these credits existed, it was their own *laches* or folly to allow the judgment to be revived for its full amount, without noticing, in any way, any of these pretended credits. 2 *Story's Eq.*, secs. 887 to 896. 6 *G. & J.*, 309, *Gott vs. Carr.* 8 *G. & J.*, 170, *Dilly vs. Barnard.* 11 *G. & J.*, 110, *Prather vs. Prather.* 2 *Md. Rep.*, 380, 407, *Doub vs. Mason & Wife.*

3rd. There is no force in the objection to the decree, that it dismissed the bill, instead of dissolving the injunction and holding the case over for further hearing. The record clearly shows that the whole object of the complainants, after obtaining the injunction, was *delay*. They never asked leave to amend, nor did they avail themselves of the leave to take testimony, but interposed all manner of excuses, for the purpose of delaying a hearing of the cause. But, apart from these objections, this court must infer, from the terms of the order of the 8th of February 1860, and the decree of the 31st of March 1860, that the *cause* stood ready for *hearing*, and was *submitted* to the court on bill, answers and exhibits, and that all the prerequisites to put the cause in *that condition* had been complied with. 6 *H. & J.*, 406, *Rigden vs. Martin.* 8 *G. & J.*, 148, *Calwell vs. Boyer.* 10 *Md. Rep.*, 50, *Warren vs. Twilley. Scott vs. Scott, ante* 78.

BARTOL, J., delivered the opinion of this court.

This cause was heard below on bill and answer, upon a motion to dissolve an injunction which had been granted at the instance of the appellants against the appellees.

This court has heretofore decided that the Acts of 1852, ch. 133, and 1853, ch. 344, relating to the effect of answers in chancery, have no application to such a case as this. 15 *Md. Rep.*, 18. *Ibid.*, 260. The allegations of the bill, upon which all the equities of the complainants case rested, having been denied by the answer, the injunction was properly dissolved by the circuit court, and to that extent the order of the 31st of March 1860, ought to be affirmed; but we think the circuit court erred in dismissing the bill. The

cause was not set down for final hearing, but simply on the motion to dissolve the injunction; it was, therefore, irregular to dismiss the bill, which ought to have been retained, and the complainants allowed to proceed with the cause to final hearing. A decree will be signed in conformity with this opinion, and remanding the cause; the costs in this court will abide the final result of the case.

*Affirmed in part, and reversed in part,*
*and cause remanded.*