E. A. YALE *v.* HANNAH MOORE and others.

October Term, 1875.

INJUNCTION — MOTION TO DISSOLVE. — Upon a motion to dissolve an injunction, the allegations of the bill not met by the answer are to be taken as true, and the injunction will be retained if the equity of the bill be not fully answered.

*M. M. Brien,* for complainant.
*M. C. Goodlett,* for defendants.

THE CHANCELLOR : — The complainant made a written contract with one of the defendants, a son of the defendant, Hannah Moore, to take charge of a coffee and news stand on the Southern Railroad, at Decatur. Another son of the defendant Hannah Moore, also a defendant, became the surety of his brother for the performance of his duties under the contract. The complainant was to furnish the articles required for the business, and the employee was to account to him for the proceeds of sale, receiving a fixed salary, a certain proportion of which was to be retained by the complainant, as additional security, until final settlement. When the amount thus retained by the complainant reached the sum of $60, the defendant Hannah Moore sued the complainant therefor, claiming the same as wages due the son, to which she was entitled, he being a minor. A judgment was rendered in her favor by the justice of the peace

before whom the suit was brought, but an appeal was taken to the Circuit Court, where the suit is still pending. This bill is filed for a settlement of accounts with the employee, and alleges that the complainant was ignorant of the fact that the son was a minor; that the mother permitted the son to do business for himself, and that the contract was made with her knowledge and consent. The defendants have answered the bill, but without noticing in their answer the charges that the mother allowed the son to act for himself, and knew of and consented to the contract made by him with the complainant. At the filing of the bill an injunction was granted, staying the further prosecution of the suit at law. The defendants now move to dissolve this injunction.

If a parent permit an infant son to render service to another for his own benefit, it is a waiver of the right of the parent to the value of such services. *Cloud* v. *Hamilton*, 11 Humph. 104, citing *Burlengam* v. *Burlengam*, 7 Cow. 92; *McCoy* v. *Huffman*, 8 Cow. 84; *Shute* v. *Dorr*, 5 Wend. 204; 2 Kent's Com. 194, note. The fact would, however, be a good defence to the suit at law, and would not justify a resort to equity, unless it might be for discovery in aid of the legal defence. But the complainant is entitled to a settlement of accounts with the employee, and avers that the son has not faithfully discharged his duties and accounted for the proceeds of sale, as agreed upon, and that upon adjustment of accounts the balance will be found in his (complainant's) favor. The statements of the bill make out a proper case for an account in this court, to which the surety of the employee, and his mother, are, under the circumstances, necessary parties. *Primâ facie*, the account is essential to the rights of the complainant in the suit at law, and the defendants, by filing an answer, have submitted to the jurisdiction of the court. The answer is silent as to those allegations upon which the equity of the bill to interfere with the suit at law rests. On a motion to

dissolve an injunction, the allegations of the bill not met and denied by the answer are taken as true; and if the answer does not fully meet the case disclosed, the injunction will be retained. *Haynes* v. *Hazlerig*, 1 Tenn. 242; *Prince Albert* v. *Strange*, 1 Mac. & G. 42; *Merwin* v. *Smith*, 1 Green Ch. 182; *Rich* v. *Thomas*, 4 Jones Eq. 71; *Bouldue* v. *City of Baltimore*, 15 Md. 18. The motion must be disallowed.