## MARGARET A. BOWIE *vs.* JULIUS K. SMITH.

*Affidavit to Bill For an Injunction—Removal of Building.*

The affidavit to a bill asking for an injunction is insufficient when it is not made by the plaintiff but by one not a party to the cause who merely swears that the matters stated in the bill are true to the best of his knowledge and belief, but does not inform the Court as to the source of his information or what knowledge he has on the subject.

A bill for a mandatory injunction requiring defendant to bring back to certain land a structure which he had removed therefrom, which does not allege that the structure was a permanent fixture, is properly dismissed when the case is heard upon a bill alone without evidence.

Appeal from the Circuit Court for Prince George's County (MERRICK, J.)

The cause was sumitted to the Court on briefs by :

*Charles H. Stanley, Joseph K. Roberts* and *Alan Bowie,* for the appellant.

*Wilson & Clagett,* for the appellee.

BRISCOE, delivered the opinion of the Court.

This is a bill, filed on the 28th of September, 1901, by the appellant against the appellee in the Circuit Court for Prince George's County for a mandatory injunction to compel the latter to restore and remove to the premises of the former a certain building, which it is alleged he had illegally removed therefrom.

It appears that the case was heard on the bill alone, and submitted to the Court below after argument by counsel of the parties, and from an order of Court, passed on the 4th of February, 1903, refusing the injunction and dismissing the bill, this appeal has been taken.

The bill avers that the plaintiff and a brother, Charles S. Early, and the children of a deceased brother, James A. Early, were seized as tenants in common of a small lot of land situate in Brandywine district in Prince George's County, the legal title to which was derived from one William H. Early, the father of the appellant ; that Charles S. Early in or about the year 1900, by a parol agreement undertook to sell the real estate here in controversy to the defendant, Julius K. Smith, who by virtue of such sale entered into possession of the land, and erected thereon a frame building, known as "Smith's Restaurant" and occupied the same until sometime shortly before the proceedings in this case. The bill further states that on the      day of October, 1901, the appellant by an action of ejectment in the Circuit Court for Prince George's County, recovered a judgment in ejectment against the defendant Smith for the land in question to the extent of one-

third interest therein ; that shortly before the filing of this bill and before the hearing of the action in ejectment, the defendant removed the building, or house, by means of blocks and rollers from the land whereon it had been erected to the land of another, adjacent to the plaintiff's land ; that the defendant Smith is totally insolvent and the plaintiff is unable to have full and adequate relief without the aid of a Court of equity.

The question then to be considered is whether the bill and exhibits present a proper case for the relief asked.

The affidavit to the bill is made by Mr. Alan Bowie, who, it appears from the brief, is one of the attorneys of record in this Court for the appellant. He made oath " that the matters and things set forth in the above petition are true to the best of his knowledge and belief."

It appears from the record that Messrs. Stanley and Roberts were the attorneys who filed the original bill on behalf of the plaintiff, but even if it be assumed that Mr. Bowie was an attorney of record in the case below at the time of the filing of the original bill there can be no question that the bill was defective for the want of a proper affidavit. In the case of *Fowble* v. *Kemp*, 92 Md. 640, this Court held, in reviewing the rule as to the verification of bills of complaint filed in equity for injunctions, that when the affidavit on its face shows, as this one does, that it is made not by a party to the cause, but by a person who could not know the facts, except by hearsay, unless his means of knowing them in such a way as to authorize him to testify be disclosed, a Court has no right to assume that his knowledge is personal rather than hearsay, if it may be either the one or the other. If it be hearsay it is not sufficient to verify a bill for an injunction. If his knowledge be personal it ought to appear that it is. In the recent case of *Moffat* v. *The County Commissioners of Calvert County*, decided at the January term of this Court, ante p. 266, where the affidavit to a bill of complaint was made by an agent and attorney in fact, and where the affidavit was in the identical language as the one here, it was held to be insufficient to support the allegations of the bill.

Nor would the affidavit made by Mr. Bowie, as one of the attorneys for the plaintiff, to the petition to amend the original bill of complaint, filed on the 25th of April, 1902, alter or cure the defective affidavit to the original bill, even should we concede this to be a valid affidavit. It was only the matters and things "stated in the petition to amend" that were embraced in that affidavit, and they sufficiently appeared from a certified copy of the docket entries of the judgment in eject- ment in the Circuit Court for Prince George's County.

It is well settled that "the verification of the bill must ex- tend to all the material facts upon which a right to the injunc- tion rests and must be direct and positive."

While the granting or refusing of an injunction is always a matter within the sound discretion of the Court, yet it will never be granted when it will operate unjustly. It is well es- tablished that the jurisdiction to interfere is purely equitable and it must be governed by equitable principles. The bill in this case fails to disclose whether the building in question was so annexed to the land at the time of its erection as to become a fixture or part of the real estate or whether it was distinct from the land. There are modes by which a structure may rest upon land, which would preclude the inference that it was intended to be a part of the real estate. The bill sim- ply states that the appellee entered into possession of the land and erected upon it a frame building known as Smith's restau- rant and removed the building by blocks and rollers.

The case of *Dorsey* v. *Hagerstown Bank*, 17 Md. 408, re- lied upon by the appellant is entirely unlike this. In that case, the cause was heard upon a motion to dissolve an injunc- tion, upon bill and answer, and it was held, that as the case was not set down for final hearing but simply on a motion to dissolve the injunction, it was irregular to dismiss the bill, which ought to have been retained and the complainants al- lowed to proceed with the cause to final hearing.

The case at bar was heard upon bill and exhibits upon an application for an injunction, and was submitted to the Court, after argument by counsel for the respective parties. An op-

portunity was given the parties to be heard and the injunction refused and the bill dismissed.    If the bill of complaint did did not present a proper case for an injunction the Court was clearly right in refusing the application and dismissing the bill.    *Barnum* v. *Gordon*, 28 Md. 97; *Bonaparte* v. *Balto., Hampden & Lake Roland Co.*, 75 Md. 340; *Chesapeake & P. Telephone Co.* v. *Balto. City*, 89 Md. 708.

For the reasons given the order refusing the injunction and dismissing the bill will be affirmed.

*Order affirmed with costs.*

(Decided June 29th, 1903.)