THE BALTIMORE, CHESAPEAKE AND ATLANTIC RY. CO. *vs.* THE COUNTY COMMISSIONERS OF WICOMICO COUNTY.   THE COUNTY COMMISSIONERS OF WICOMICO COUNTY *vs.* THE B., C. & A. RY. CO.

*Taxation—Claim of a Railway Company to Exemption—When Property Omitted from Assessment at the Time of Levy May be Subsequently Assessed—Power to Assess Taxes for Previous Years on Property Omitted from Levy—Taxation of Rolling-Stock of Railway Company—Appeal in Case Tried on Agreed Statement of Facts.*

The case of *B., C. & A. Ry. Co. v. Ocean City,* 89 Md. 89, holding that the appellant corporation is not exempted from taxation on the ground that it had purchased at a foreclosure sale the property of a corporation which did possess an exemption, is conclusive as to the same claim of exemption from taxation made by the same corporation in this case.

When property liable to taxation has not been assessed at the time prescribed for making the annual levy, it may nevertheless, at any time thereafter in the current year be assessed for that year, when the statute relating to the time of assessing property does not deny to the assessors power to add to the levy property which had escaped taxation.

The provision in the local law of Wicomico County (Local Code, Art. 23, sec. 104), declaring it to be the duty of the clerk of the County Commissioners, on or before the first day of August, in each year, to deliver to the collector a copy of the assessment of his collection district, does not restrict the power of the County Commissioners to assess subsequently in that year property omitted from the levy.

Code, Art. 23, sec. 6, directs that the County Commissioners shall make

the annual levy of taxes previous to July 1st, in each year. Art. 81, sec. 83, provides that taxes shall be collected by the collectors, etc., within four years after the same have been levied. In the year 1899, the County Commissioners, appellees, assessed for taxation certain property of the defendant which, although liable, had previously escaped taxation, and levied taxes thereon not only for the year 1899, but also for the years 1896, 1897 and 1898. In an action to recover these taxes, *Held*, that the power of the Commissioners to levy taxes in any one year is restricted to a levy for that year, and when such levy is made, the power as to that year is exhausted, and that the levy of taxes made in 1899 against the defendant for the years 1896, 1897 and 1898 was not made in pursuance of the power conferred and therefore created no obligation upon the defendant to pay said taxes.

The County Commissioners of a county in which is situated the principal office of a railway company, whose road extends through other counties of the State, have no power to levy taxes on the rolling-stock of the company, since the Acts of 1896, ch. 120 and ch. 140, provide a special mode for the assessment of the rolling-stock of railway companies.

The provision of Constitution, Art. 3, sec. 51, directing that personal property shall be subject to taxation in the county in which the owner resides for the greater part of the year is not applicable to the taxation of corporations.

Code, Art. 5, sec. 9, directing that the Court of Appeals shall not decide any question which does not appear to have been raised in and decided by the Court below, is not applicable when the case was tried below upon an agreed statement of facts providing that if the Court be of opinion that the defendant is liable for the taxes claimed, then the Court may give judgment for the plaintiff, otherwise for the defendant. In such case it is the duty of the Court to declare the law upon the facts stated.

Appeal from the Circuit Court for Wicomico County, (PAGE, C. J., and HOLLAND, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Nicholas P. Bond* (with whom were *Graham & Fitch* on the brief), for the appellant company.

The company, defendant below, maintain: 1. That the property in question was exempt from taxation in the hands of the Baltimore and Eastern Shore Railroad Company, by virtue of section 2 of the Act of Legislature amending the

charter of said company.   2. That said Act of Legislature constituted a contract with the Baltimore and Eastern Shore Railroad Company, whereby the State agreed that in consideration of the building and completion of its line of road between Eastern Bay and Salisbury, all of its property should be exempt from taxation for a period of thirty years from the date of such completion.   3. That this company is entitled to the benefit of said contract, so far as concerns the property formerly belonging to the Baltimore and Eastern Shore Railroad Company and purchased at foreclosure sale, by virtue of what may be called a statutory assignment of same, contained in secs. 187 and 188 of Art. 23, Code.   *Tennessee* v. *Whitworth*, 117 U. S. 145; *Insurance Co.* v. *Tennessee*, 161 U. S.174.

4. That the levying of taxes by the County Commissioners of Wicomico County, Maryland, on property exempted from taxation—State, county or municipal—by contract with the State, is a violation of the constitutional prohibition against the passage of laws impairing the obligation of contracts. There can be no question that legislative acts done by municipalities, in the exercise of legislative functions delegated by the State Legislature, are as much "laws" within the meaning of the constitutional prohibition as statutes passed immediately by the Legislature.   *N. O. Waterworks* v. *L. Sugar Co.*, 125 U. S. 31; *United States* v. *New Orleans*, 98 U. S. 381; *Meriwether* v. *Garrett*, 102 U. S. 472; *Murray* v. *Charleston*, 96 U. S. 440; *Home Ins. Co.* v. *Augusta*, 93 U. S. 116; *Wright* v. *Nagle*, 101 U. S. 793.   And there can be no question that the levying of taxes is an exercise of legislative power.

5. But whether or not the exemption from taxation of the property of the Baltimore and Eastern Shore Railroad Company extends to that portion required by it from the Wicomico and Pocomoke Railroad Company, is largely immaterial, for the purpose of this case ; for the reason that the property in question (except that situated in Pittsville District No. 4) is admittedly situate between the original termini of the Baltimore and Eastern Shore Railroad, and was therefore unquestionably within the most limited application of the exemption provisions of the Act of 1886.

Nor, do we understand this Court to have held otherwise in the case of *Ocean City* ats. *Baltimore, Chesapeake and Atlantic Railway Company* (this company) in 89 Md. 89. We understand this Court in that case to have held. 1st. That the exemption was limited to the original limits of the Baltimore and Eastern Shore Railroad, *i. e.* to such property as was necessary for the operation of the road between the termini named in its charter. 2nd. That, inasmuch as the Wicomico and Pocomoke Road was entitled by itself, to no such exemption, its mere acquisition by, and consolidation with the Baltimore and Eastern Shore Road did not operate to extend to it the exemption from taxation, enjoyed by the latter. This was all that the Court can be really considered to have decided ; and all that the circumstances of the case before it, required ; hence, we may be pardoned, if under a different state of facts, we ask for an authoritative decision of the points that are relevant to the case at bar.

7. Even if the Court should be of opinion that the defendant company is not entitled to the exemption mentioned in the Act of 1886, chapter 133, that the levy attempted to be made upon the property of the company in November, 1899, was illegal and void.

8. That the whole of the rolling stock of the defendant company was not assessable in Wicomico County, but should have been reported to the State Tax Commissioner for apportionment, and the assessment made in accordance with his apportionment.

9. That even, though all the contentions of the plaintiff below, should be sustained, still, the suit in this case cannot be maintained because it was brought before the taxes were due and enforceable.

*James E. Ellegood* (with whom was *G. G. Ratcliff* on the brief), for the appellees.

JONES, J., delivered the opinion of the Court.

This case was presented to the Court below without a jury

upon an agreed statement of facts from which it appears, briefly stated, that the Baltimore and Eastern Shore Railroad Company was, in the year 1886, duly incorporated under the provisions of the Act of 1876, chap. 242; and afterwards by the Act of 1886, chap. 133, additional powers were conferred upon it and among other things in the last mentioned Act it was provided, that " its franchises, property, shares of capital stocks and bonds shall be exempt from all State, county and municipal taxation for the term of thirty years, accounting from the date of the completion of said road between the termini mentioned in the charter." The road was so completed about the first day of August, 1891. Under powers conferred upon it by the Act of 1886, chap. 133, the Baltimore and Eastern Shore Railroad acquired by purchase the Wicomico and Pocomoke Railroad with all of its property, franchises, etc. The latter road executed to the former a deed in accordance with said purchase on the 30th day of June, 1890 ; and, under the provisions of the statute, the two roads then became one company and entitled to all the property, franchises, rights, privileges and immunities which each of them had under and by virtue of their respective charters. After this, on the first day of July, 1890, the Baltimore and Eastern Shore Railroad Company executed a mortgage or deed of trust of all its property, franchises, rights, privileges and immunities, including all the railroad and other property, franchises, etc., formerly belonging to the Wicomico and Pocomoke Railroad Company, to the Atlantic Trust Company, in trust to secure the payment of the principal and interest of certain bonds described in the mortgage.

In August, 1894, under the foreclosure of this mortgage, a sale was made of all the railroads mentioned in the mortgage together with all the rights, privileges, franchises and immunities of both of the railroads included therein, under a decree of foreclosure and sale passed by the Circuit Court of the United States in and for the District of Maryland, and the sale was duly ratified and confirmed by the Court. The purchaser at this sale, with others, then, under sections 187, 188,

189 and 190 of Article 23 of our Code, formed a corporation for the purpose of owning and operating the railroad property so purchased, under the name of "The Baltimore, Chesapeake and Atlantic Railway Company." The home or principal office of this new corporation is the town of Salisbury, in Wicomico County. To quote now from the agreed statement of facts, the property of this corporation "was not assessed by the assessors of Wicomico County under the provisions of the Act of 1896, nor was it attempted to be assessed by the County Commissioners of Wicomico County under that Act at any time before the 11th day of November, 1899. And that said property was not nor was any of it returned by the defendant to the assessors or the County Commissioners of the said county for the purpose of assessment and taxation under chapter 120 of the Acts of 1896 in any of the schedules of the real and personal property, but the same was omitted from each and every list or schedule of real and personal property returned by the said defendant, nor has the same at any time been listed by the said defendant for the purposes of taxation under said Act. But after the return of the schedules or lists of property admitted by the defendant corporation to be taxable the attorney and agent for the defendant, prior to the levy, of 1897, and while the said County Commissioners were sitting as a Board of Control and Review under the said chapter 120 of the Act of 1896, did appear before the said County Commissioners sitting as said Board of Control and Review, and claim the property so omitted was exempt from taxation under its charter and the then attorney for the County Commissioners advised that the said property was so exempt as claimed by the defendant corporation. The Commissioners thereupon held the matter in abeyance and came to no final conclusion until November, 1899, when after taking further legal counsel they came to the conclusion that the same was liable to taxation and not exempt, they thereupen decided to tax the said property and gave notice under section 145 of Article 81 of the Code of Public General Laws of their intention to place the same upon the tax books of the county and levy an assessment thereon."

B., C. & A. RY. CO. vs. WICOMICO COUNTY.   119

Md.]                    Opinion of the Court.

The property so decided to be put upon the tax-books is admitted to have been the property of the corporation which was the defendant below in the present suit at the time of such decision and to have been the property of the said corporation since the 4th day of August, 1894. On the 2nd day of November, 1899, the County Commissioners gave notice to the corporation, the defendant below, of the decision to assess all of the property aforesaid and to appear before the County Commissioners on the 14th day of November, 1899, in order that the property might be assessed. The defendant accordingly appeared and objected to the assessment of the property but rendered what it believed to be a true valuation thereof. The property was thereupon against the protest of the defendant placed upon the assessment books of the county for the years 1896, 1897, 1898, 1899, for the purposes of taxation. Levy was then made upon the assessment so made for the said several years by the County Commissioners at the rates at which the levy had been made for these years respectively. The assessment of the rolling-stock of the defendant corporation was the valuation of the whole of its rolling stock and this had never been returned to the State Tax Commissioner for distribution according to the Act of 1896, ch. 140. The taxes so assessed and levied were then placed by the County Commissioners of Wicomico County, the plaintiff below, in the hands of the collectors of taxes for the purpose of having the same collected. The collectors made demand upon the corporation, The Baltimore, Chesapeake and Atlantic Railway Company, the defendant below, for payment, which being refused, this suit was brought by the County Commissioners to recover of the defendant the taxes as levied.

The suit is in *assumpsit* with counts in the *narr* for taxes claimed to be due for each of the several years for which assessment and levy were made. The defendant pleaded *non-assumpsit* and in addition thereto special pleas to the effect that, upon the facts set out, as successor, by purchase, to the possession "of all the powers, rights, immunities, privileges and franchises" of the Baltimore and Eastern Shore Railroad

Company it is, by virtue of the provisions of the Act of 1886, chap. 133, exempt for the period of thirty years from the date of completion of the last-named road, from all State, county and municipal taxation; and that the taxes claimed of it were not legally assessed or levied for the years for which the same are claimed to be due.   Upon replication by the plaintiff, the case was brought to issue and trial upon these pleas, and upon the trial the Court below ruled "That the plaintiff had authority under the law to make an assessment of the defendant's property in November, 1899, for the year 1899, to subject it to the liability for the taxes levied in July, 1899;" and at the instance of the defendant ruled that "it was the duty of the County Commissioners of Wicomico County (acting as a Board of Review), after having completed the assessment of the rolling-stock of the defendant company, in each of the years for which taxes are claimed thereon in plaintiff's bill of particulars, to have reported to the State Tax Commissioner, the total assessment or valuation of the said rolling-stock made in said Wicomico County, so that the said State Tax Commissioner could make the apportionment and division of said rolling-stock, as directed by the Act of 1896, chap. 140, and their failure so to do, debars them from recovering upon that item of their bill of particulars."

The Court refused to rule at the instance of the defendant "that upon the pleading and evidence in the case, there was no legally sufficient evidence in the case to entitle the plaintiff to recover;" and "that the plaintiff had no authority under the law to make a levy, and assessment on the defendant's property in November, 1899, for account of the years 1896, 1897, 1898 and 1899, or either of them;" and "that the defendant's property mentioned in the proceedings in this case is exempt from taxation;" and that that part of the defendant's railroad which originally constituted the Baltimore and Eastern Shore Railroad was exempt from taxation; and "that the assessment and levy mentioned in the pleadings in this case was illegally made and without authority of law."   Two exceptions appear in the record—one taken by the plaintiff to the

action of the Court upon the instruction that was granted at the instance of the defendant; the other by the defendant to the refusal of the prayers which were submitted by its counsel and rejected by the Court, and to the ruling of the Court made in lieu of these prayers.

The Court found for the plaintiff for the amount of taxes levied against the defendant for the year 1899, with interest thereon, after excluding from the taxes so levied such as had been levied on account of the rolling-stock of the defendant, and entered judgment against the defendant accordingly. Both parties appealed. Upon the appeal of the corporation which was the defendant below, two questions are presented—all others having been decided below favorably to its contention. The first is whether, upon the facts stated, the defendant corporation by its organization under sections 187 to 190 inclusive, of Article 23, of the Code, became entitled to the exemption from taxation which was granted to the Baltimore and Eastern Shore Railroad by the Act of 1886, chap. 133. The second is whether the defendant or corporation can, in this proceeding, be held liable for the taxes assessed and levied upon it, as herein set out, for the year 1899.

As to the first question, we are concluded by the decision of this Court in the case of the *Baltimore, Chesapeake and Atlantic Railway Company* v. *The Mayor and City Council of Ocean City*, 89 Md. 89, which was a case in which this same defendant corporation set up and insisted upon the same right of exemption from taxation that is made a ground of defense in this case. The ruling in that case has not the limited scope which counsel representing the corporation in this case has insisted upon. It is not necessary to again repeat the arguments or review the authorities that led to the conclusions reached in that case. It is sufficient to say that it was there distinctly affirmed that by the foreclosure sale of the Baltimore and Eastern Shore Railroad which is mentioned in the statement of facts, the exemption from taxation which was granted to it under the Act of 1886, chap. 133, did not pass to the purchaser; and that sections 187 and 188 of Article 23

of the Code, "refer to such rights and property, as would pass under the sale of a railroad mentioned in these sections and *not to an exemption from taxation.*"

As to the second question the ruling of the Court below that the defendant corporation was liable upon the facts of the case for taxes assessed against it for the year 1899, is within the reason of the case of the *American Coal Company* v. *County Commissioners of Allegany County,* 59 Md. 185, and of the case of *Hopkins* v. *Van Wyck,* 80 Md. 7. The last-named case recites the substantial facts of the first and is so recent as to make unnecessary here a formal and detailed statement of the facts of either case. The contention of the defendant corporation in this case is that the taxes for the year 1899 were not assessed or levied upon the property of the defendant until after the time for the annual levy of taxes by the County Commissioners of Wicomico County under the provisions of the general law in Article 25 of the Code, and the time for the copy of the assessment with rate of taxes for the year and the aggregate amount of collections to be made by them respectively is required by the local law of Wicomico County to be placed by the clerk to the County Commissioners in the hands of the several collectors ; and that therefore the property could not be assessed and made liable to the levy of taxes for that year, but could only be added to the assessable basis to be made subject to levy for taxes for the future in case its claim for exemption from taxation should be held not valid. This is treating the time prescribed by the law for the making of the levy for taxes as a strict limitation upon the powers of the County Commissioners in that respect and a denial to them of the power to make property that may be brought in and made a part of the assessable basis for taxation after the time prescribed for making the annual levy, subject to the levy, though it may be so brought in during the year for which the levy was made. Without stopping now to determine the limits of the power of the County Commissioners in respect to the levy of taxes and to the assessment of property liable to assessment, but not assessed, it is undeniable that they have the power

to make in each year a levy of taxes. upon all property that is properly included in the assessable basis for that year.   In the case of the *American Coal Company v. County Commissioners,* 59 Md. *supra,* it was laid down by this Court as a principle that in regard to this power "the construction of the statute should be reasonable and liberal, in order to support the action of the Commissioners, rather than strict and severe by which the action of the Commissioners would be defeated." It is provided in Article 25, section 6 of the Code "that the meeting (of the Commissioners), to make the annual levy of taxes shall be held previous to the first day of July in each year." In section 10 of Article 81, it is provided that "in all cases where discoveries of assessable property are made, etc., the "County Commissioners * * * shall assess the same and add the same to the amount on which taxes are to be levied," and now by section 192A, of the same Article, added thereto by Act 1898, chap. 275, the County Commissioners are empowered, among other things mentioned therein, to "take steps for the discovery of all unassessed property of every kind." Other powers looking to getting all assessable property upon the tax lists and having it subject to taxation according to a proper valuation, are conferred upon the County Commissioners. The object to be accomplished by conferring these powers is to give all possible practical effect to the fundamental principle embodied in our Bill of Rights (Art. 15), that "every person in the State, or person holding property therein, ought to contribute his proportion of public taxes for the support of the Government, according to his actual worth in real or personal property." The reason therefore, why the power of the County Commissioners, in respect to the annual levy of taxes and to the assessment of property for taxation in connection therewith, should not receive a "strict and severe," but rather a "reasonable and liberal" construction, is quite obvious.

The decisions of this Court have been in conformity with this rule of construction. In the case of *State* v. *Horner,* 34 Md. 569–574, it was held that the provision of the Public

Local Laws for Baltimore County, that the County Commissioners should " levy the State and county taxes for said county on or before the first day of March in each year," was directory as to the time of levy.   That the performance of the duty was imperatively required, but the designation of the time was not of the essence of the thing, nor restrictive of the power and jurisdiction of the County Commissioners. In the case of the *American Coal Company* v. *County Commissioners Allegany Co.*, 59 Md. *supra*, the stock of the company, the appellant in that case, was valued for taxation by the State Tax Commissioner and from his valuation the company appealed to the Comptroller and Treasurer of the State.   This appeal was not determined until after July 1st, the time limit prescribed by the law for the levy of taxes in each year ; and the certificate of the assessed value of the stock, according to which the levy of taxes thereon was to be made, was not forwarded to the Commissioners until after the first of July, and after they had made their annual levy for State and county purposes.   Soon after receiving the certificate of valuation thereof the Commissioners made a levy of the assessed value of the stock.   It was insisted on behalf of the appellant company that this levy, having been made after July 1st, was illegal and void.   This Court held that the levy was valid.   In the case of *Hopkins* v. *Van Wyck*, 80 Md., *supra*, a Mrs. Van Wyck died in March, 1892.   The inventory returned to the Orphans' Court by her executor showed that in February prior to her death she owned property that was liable to taxation, but which had not been assessed.   The Register of Wills furnished to the Appeal Tax Court a copy of the inventory and that Court thereupon placed the property which had thus been omitted therefrom upon the assessment books and made it subject to the levy for the then current year.   This assessment and levy was made after the annual levy for taxes had been made as prescribed by law, in reference to this, this Court said in disposing of the case upon appeal.   " If valued and placed upon the list, whether before or after the actual levy of the tax is immaterial, it should form part of the prop-

erty by which the amount of its owner's taxes for that year ought to be measured and ascertained." And again, " if assessable property has been omitted from the assessment books or has escaped assessment when it ought to have been assesed, the fact that it has not been discovered and valued and placed upon the assessment books until after the levy has been made, cannot release its owner from paying taxes on account thereof, and cannot defeat the right of the State or the municipality to demand and collect those taxes." In this last-mentioned case the property about which the controversy arose, was not known of by the taxing power in time to place the same upon the assessment lists before the annual levy was made.

In the case of *59 Md.*, *supra*, the property there involved was not put upon the taxable list until after the levy, because the corporation which was to be assessed for the taxes thereon had prosecuted an appeal to have its rights determined in respect to the assessment thereof, and the Court said : " Under such circumstances showing no fault or neglect on the part of the County Commissioners, we discover no sufficient ground for saying that the tax in question was illegally assessed or levied." Here an analogy is presented to the case at bar. The existence of the property in question here was known to the County Commissioners, but the corporation owning it claimed for it exemption from taxation ; and the question raised by this claim of the corporation was pending at the time of the making of the annual levy for taxes ; and the delay in assessing it was because the County Commissioners took the further time to be more fully advised upon this question. The corporation ought not to be heard to complain that this question raised in its own interest thus received more deliberate consideration, and to make the delay occasioned thereby a ground for escaping taxation to which it was liable. As was said in the case in *59 Md.*, so it may be said here that the matter of the assessment and levy as respects this property was matter *in fieri* from the time of the levy for the year to the time of actual assessment of the property. If the corporation has by the delayed assessment lost the right to discount for

early payment of taxes or been put to any other disadvantage this has occurred by reason of a regard shown by the County Commissioners for its interests and of the impediment to assessment caused by its own action.

There is no question here about the levy for taxes for the year 1899 having been made in the time prescribed by law by the County Commissioners of Wicomico County. There is no time particularly specified in the law at which or before which assessments of property found unassessed is to be added to the taxable basis by the County Commissioners. The language of the law is "in all cases where discoveries of assessable property are made" the same is to be added "to the amount on which taxes are to be levied." The question here is not whether the annual levy for taxes, which the law requires to be made, was made in accordance with the law as to the time of making it, but whether in pursuance of the purpose and object of the law that all taxable property shall bear its proportionate burden of taxation and in the absence of restrictive provisions upon the powers of the County Commissioners as to making assessments, they are authorized to assess in any current year and make subject to the annual levy made by them for that year, such property liable to be taxed, as they may find unassessed. We think the reason of the law is in favor of such power; and the authorities referred to sustain it. We cannot treat the provision in the Public Local Law, Art. 23, Wicomico County, "that it shall be the duty of the Clerk of the County Commissioners, on or before the first day of August in each year to deliver to each collector a copy of the assessment of this collection district, etc.," as a restriction upon the powers of the County Commissioners in connection with the assessment of property and the levy of taxes. This is something to be done in the way of accomplishing the object of power and not a limitation upon it.

There is nothing inconsistent in these views with the decision of this Court in the case of *Commissioners of Public School* v. *County Commissioners of Allegany County*, 20 Md. 449, etc. It was there held that the County Commissioners

of Allegany County could not, under a power to levy *annu-ally* taxes for a special and particular purpose, levy taxes for such purpose for the year preceding that in which the levy was made.   In the case at bar the taxes for the year 1899 with which we have been dealing, were not levied for a special purpose, but for the general purposes of taxation and under the power conferred for those general purposes.   They were not levied for a previous year, but for the year in which the levy was made.   Nor are the cases referred to in the case last cited and also relied upon by counsel in this case in conflict with these views.   They were cases construing particular Acts of Assembly differing essentially from the provisions of law we are dealing with in this case and where the time prescribed for the doing of what was there authorized, was found by the terms of the particular law to be *intended* as a limitation upon the power conferred.   This was so ruled in the case of *State* v. *County Commissioners Baltimore County*, 29 Md. 516, (see page 524); see also case of *Wells èt al.* v. *Hyattsville*, 77 Md. 125-143.   For the reason stated we find no error in the action of the trial Court in respect to the questions presented upon the appeal of "The Baltimore, Chesapeake and Atlantic Railway Company."

As to the appeal of the County Commissioners of Wicomico County, the plaintiff below, the record contains but the one formal exception which has been stated.   The agreed statement of facts, however, contains the provision that if "the Court be of the opinion that the defendant is liable for the taxes claimed or any part of them, then the Court may give judgment for the plaintiff for such amount thereof as the Court may find the defendant liable for.   And if the Court shall find that the defendant was not liable for any of the said taxes, then they may give judgment for the defendant."   The right to either party "to appeal from the decision of the Court" was reserved.   The provision of the law that in no case shall this Court decide any point or question which does not appear by the record to have been raised or tried in and decided by the Court below, does not apply to cases presented in this way.

It was the duty of the Court below to declare the law upon the facts thus stated and its action is subject to review by this. Court, "upon the law of the case without being restrained" by the provision of law referred to. *Keller* v. *State*, 12 Md. 322; *County Commissioners of Howard County* v. *County Commissioners of Frederick County*, 30 Md. 432; *American Coal Company* v. *County Commissioners of Allegany County*, 59 Md. at page 198; *Tyson & Rawls* v. *Western National Bank*, 77 Md. 412-421; 2 *Poe Plead. and Practice*, sec. 838.

The County Commissioners upon their appeal complain that the Court below did not give judgment against the defendant for the taxes claimed for the years specified in the statement of facts, previous to 1899, and that it excluded in its finding and judgment the taxes levied upon the rolling stock of the defendant. In support of the first proposition it is urged that the right to demand taxes inheres in the sovereign power; that it is the duty of the citizen to pay taxes according to the obligation imposed by the Bill of Rights, Art. 15, and that being a personal as well as a constitutional obligation it may be enforced " by an action *in personam* as well as *in rem* and can only be discharged by payment." There can be no doubt as to the power and right of the sovereign to demand taxes and a corresponding duty on the part of the citizen to pay taxes. towards the support of the government whose protection he enjoys ; but the citizen is only under obligation to contribute his just and equal proportion of taxes demanded for such purpose. Great inequality and confusion in distributing the burden of taxation would result unless some orderly method for making this distribution and assigning to each member of the community his just and fair proportion of the burden be adopted and adhered to. The demand to be made and the obligation to pay ought to be rendered specific and definite and be ascertained with reference to equality of burden before any agency of government is armed with the power to exact the tax and to use the power of the law in enforcing payment. This is fully recognized by the State in the elaborate system for assessment and levy of taxes which its laws provide.

Under this system agencies are created with duties and powers to ascertain and fix through orderly and systematic methods the measure of the obligation of each citizen in yielding his fair and just proportion of the necessary taxes and to receive and apply the same ; and it is only when his proper proportion of the tax burden has been thus rendered definite and certain that the obligation of the citizen becomes fixed to pay, and the right of the public agency to exact and enforce payment arises.

In the case of *Dugan* v. *Mayor & C. C. of Balt.*, 1 Gill & John. 499, which was an action of assumpsit to recover a tax imposed under the Act of 1796, CHIEF JUSTICE BUCHANAN in the course of his opinion said, " The tax for which this suit was brought was imposed by virtue of that Act, the *imposition* and *assessment* of which created the legal obligation to pay." He further on speaks of " an assumpsit raised by the law on the *imposition* and *assessment* of the tax." The opinion opens with the statement that the city of Baltimore, which was in that case the taxing power, was conceded to have authority to impose the tax, and that the same had been imposed in pursuance of the powers granted in its charter by the Act of 1796. In deciding the case therefore the Judge looked first to the existence of the power to tax, then that the tax had been imposed in pursuance of the power and deduced therefrom the legal obligation to pay from which the implied assumpsit arose to sustain the action.

We may adopt here the same order of inquiry. In the case before us the County Commissioners of Wicomico County were the taxing power. They had the power to levy taxes. Did they act in pursuance of that power in levying taxes for the years 1896, 1897 and 1898, so as to impose upon the defendant here a legal obligation to pay and thereby raise an implied assumpsit to support the action in respect to the claim for taxes for those years ? The powers of the County Commissioners, the plaintiff here, in this regard are the same of those of County Commissioners under the general law, according to which, as has already been said it is provided " that

the meeting (of the Commissioners) to make the annual levy of taxes shall be held previous to the first day of July *in each year.*" Here is defined the power, as far as it is defined at all, of the Commissioners to make the levy for taxes. A fair construction of this section would seem to indicate that the power to levy is to be held a power to levy only for the year in which the meeting takes place for the purpose of making " the annual levy." There is nothing in the language that contains an implication that the levy is to be made for any other year. The levy is to be made annually and to be made for " needful expenses." Needful expenses for what period ? Evidently for the year. It must have been intended that this levy should be made upon the taxable basis for the year of the levy, otherwise there would be a tendency to confusion and uncertainty in the operation of the system of taxation. If the levy of taxes can be made for one past year it can be made for two or ten or twenty. There is nothing to impose any limit upon the power of the County Commissioners to levy taxes for the past if the right is conceded to them to go back of the year of the levy. It could not have been contemplated that the taxpayer was to be the subjected to such uncertainty as to his obligations for taxes. It is true we have said this power of the County Commissioners to assess and levy taxes is to be so construed as to support the action of the Commissioners ; but the question we are now considering is not what effect to give to ascertained or conceded power, but what is the power. As to a power found to exist we may construe the statute so as to give effect to its object ; but we are not to construe the law to give a power which it did not intend. A construction of the statute giving to County Commissioners power to levy for taxes for past years would be contradictory of other features of the law. Section 83 of Article 81 of the Code provides that all taxes shall be collected by the collectors, &c., within four years after the same have been levied, and if not so collected the parties from whom such taxes may be demanded may plead the section " in bar of any recovery of the same." This section shows that the law does not contem-

plate a levy of taxes indefinitely for past years.   It looks to ascertaining and fixing the liability of the taxpayer in order that the taxes may be collected, and if not collected within the time limited, to granting him repose and a release from further liability.   The spirit of this section would be contradicted and its operation defeated if levy could be made for taxes for an indefinite number of years in the past because it would only be after the levy that the limitation to an action for the taxes would begin to run.   Without pursuing this inquiry further we feel constrained to hold that the power of the County Commissioners to levy for taxes in any one year is restricted to a levy for the year, and having made such levy the power to levy is, with respect to that year, exhausted; from which it follows that the action of the plaintiff below in levying against the defendant taxes for the years 1896, 1897 and 1898 was not in pursuance of the power conferred for making levy of taxes and created therefore no obligation upon the part of the defendant to pay said taxes.   The plaintiff was therefore without ground for the action brought for the taxes in question and the trial Court properly refused this part of the plaintiff's claim.

The Court also properly refused that part of plaintiff's claim which was for taxes assessed upon the rolling-stock of the defendant.   The County Commissioners of Wicomico County were without power to assess this rolling-stock.   The mode for its valuation and assessment was prescribed by Act of 1896, chap. 120, sec. 178, and chap. 140, sec. 199, which not having been pursued it was not liable to the levy for taxes made by the plaintiff for any of the years specified in the agreed statement of facts.

The plaintiff has contended that the Act of 1896 in the particulars mentioned is void as being repugnant to Article 3, sec. 51 of the Constitution, which provides that " the personal property of residents of this State shall be subject to taxation in the county or city where the resident *bona fide* resides for the greater part of the year, for which the tax may or shall be levied, and not elsewhere, except goods and chattels per -

manently located, which shall be taxed in the city or county where they are so located." The argument is that as the home or principal office of the defendant company is in Wicomico County it is to be deemed to have a residence in that county and therefore falls within the provisions of the Constitution just quoted. This provision, however, refers only to natural persons. Its language and terms plainly imply that the residents therein mentioned are such as have volition as to residence in the sense that corporations cannot have it.

The defendant on the brief filed by counsel made the point that the suit was prematurely brought but the record does not show that this was as alleged. It follows from what has been said that the judgment of the Court below must be affirmed.

*Judgment affirmed, each party to pay one-half the costs above and below.*

(Decided March 7th, 1901.)