## BALTIMORE CITY COURT.

Filed April 18, 1904.

BALTIMORE CHROME WORKS
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE AND THE APPEAL TAX COURT OF BALTIMORE CITY.

SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE,
TRUSTEE,
VS.
SAME DEFENDANTS.

(Consolidated Cases.)

*D. K. Este Fisher* and *J. Southgate Lemmon* for petitioners.

*Albert C. Ritchie* for respondents.

DOBLER, J.—

The petitions in these cases being under review the action of the Appeal Tax Court of Baltimore city had on the 9th of November, 1903, in placing upon the assessment books of said Court for the years 1901 and 1902, certain shares of the Baltimore Chrome Works, valued and assessed by the said court as the property of the Safe Deposit and Trust Company, trustee, as set forth in the agreed statement of facts herein filed.

The validity of said action is claimed solely under the 171st section of the City Charter upon the assumption that these shares escaped or had been omitted in the regular course of valuation, but every share of the Baltimore Chrome Works passed under the consideration of the State Tax Commissioner, and was valued by him in the course of the discharge of his official duty in each of the years of 1901 and 1902. Every share, in his judgment, was liable to taxation for local purposes in Baltimore county in each of those years, and was by him duly certified and returned to Baltimore county authorities as soon in each year as its valuation of State purposes was finally determined.

The Baltimore Chrome Works, which by law is compelled to pay in the first instance, the local taxes on the shares of its stockholders, paid the amount when demanded by the authorities of Baltimore county; and was able at the times of payment to charge the amount of taxes so paid to the accounts of the stockholders then apparent on its stock list. Under the circumstances it is not correct to hold that these shares have escaped taxation or have been omitted in the regular course of valuation.

In my opinion shares in domestic corporations are not intended to be included in the term "property," as mentioned in the 171st section of the City Charter, which, when discovered, is to be valued and assessed by the Appeal Tax Court, and the owner or owners thereof charged with back and current taxes, because such action by the Appeal Tax Court, would interfere with and disarrange the mode of valuing and assessing such shares and collecting the taxes thereon as provided by the general law of the State.

Property contemplated under said Section 171 includes real estate, tangible effects, and certain foreign stocks and securities, liable under the general law to valuation and assessment by the Appeal Tax Court and its assessors. The Appeal Tax Court has nothing to do with the valuation and assessment of shares in domestic corporations beyond the ministerial duty of placing the values upon the books of said court of such shares ascertained and certified to it by the State Tax Commissioner annually. Taxes upon property contemplated under the 171st section are directed to be *charged* to the owners, and not as the general law provides, with respect to shares in domestic corporations.

Such shares are by the general law required to be valued to the owners, but the taxes assessed upon their taxable values are *to be collected* from the corporation, and by it *may be* charged to the accounts of the owners of the respective shares. It would be unreasonable to require a corporation after it had discharged the obligation imposed upon it by the action of the State Tax Commissioner and the local tribunal which he had ascertained to be authorized to levy the local tax, to be compelled to pay in another jurisdiction back taxes for the shares of a stockholder who had meanwhile transferred his stock, and ceased to have any account with the corporation against which such subsequent payment might be charged. The language of Section 171, does not provide for any valuation and assessment or charge against the Baltimore Chrome Works with respect to these shares.

Upon the reasoning of the Court of Appeals in the case of the Baltimore, Chesapeake and Atlantic Railway Company vs. Wicomico County, 93 Md., 113, and the provision of Section 12, of Article 81, Public General Laws, that no person shall be chargeable with the assessment of property which he may have aliened, the Safe Deposit and Trust Company, trustee, cannot be charged in the latter part of 1903 with taxes for 1901 and 1902, on shares which never stood in its name upon the stockbooks of the Baltimore Chrome Works, its interest in the shares having been absolutely sold and transferred in September, 1902.

I will therefore sign orders directing that the valuations and assessments mentioned in the several petitions in these cases be stricken from the assessment books of the Appeal Tax Court.