(No. 20182.—
THE PEOPLE OF THE STATE OF ILLINOIS *et al.* Appellees, *vs.* THE BANK OF CHEBANSE *et al.* Appellants.

*Opinion filed June 20, 1930.*

JOHN P. PALLISSARD, (ARTHUR BOHN, of counsel,) for appellants.

A. FRED KENDALL, State's Attorney, (W. H. DYER, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee Charles H. Warnock, on behalf of the People of the State of Illinois and on his own behalf, personally and as county treasurer, filed in the circuit court of Iroquois county a bill seeking to establish a right to preference of his claim to certain funds deposited by him as such county treasurer and *ex-officio* collector in the Bank of Chebanse, which had, under the direction of the Auditor of Public Accounts, been closed and thereafter found insolvent. An answer was filed by the bank and John J. Ruckrigel, who had been appointed receiver, denying a right to preference except as to such part of the funds as represented taxes levied for the State and held by the county treasurer. The answer also alleges that of the amount deposited the sum of $1665.67 was not of taxes collected and that as to it no preference could be claimed. On hearing, the chancellor decreed a preference for the benefit of the appellees in the whole sum and directed the receiver to pay the claim in full. The matter comes directly to this court because of the interest of the people of the State.

It is admitted that as to the State tax, amounting to approximately $900, a preference exists.

Two questions are presented by the record: First, is the State, as a depositor in an insolvent bank, under deposits made by the county collector of tax money not yet distributed, entitled to a preference as to such deposit other than the State tax so deposited? And second, may the county treasurer be preferred as to funds deposited by him which have not been collected as taxes but which are public funds?

The deposits made by appellee Warnock as county treasurer and *ex-officio* county collector consist of the sum of $8466.37 taxes collected for the year 1928 and $1665.67 from sale of road bonds or other sources, making a total deposit of $10,132.04. It is conceded that these deposits were made as a general deposit and not as a trust fund. The practice was to authorize the bank to collect the taxes, issue the collector's receipts therefor and deposit the amount to the credit of Warnock as such collector. The bank in this case gave a bond in the sum of $60,000 to indemnify Warnock against loss of such deposits.

The case presents squarely the question of preference by reason of the public character of the fund. It is admitted by the answer that no part of the sum of $8466.37 had been distributed to the various corporate authorities entitled to the same. Appellants concede that in *People* v. *Farmers State Bank,* 335 Ill. 617, this court has decided that as to all undistributed taxes so held on deposit the State has a right to preference. It is argued, however, that the holding in that case should be modified to make the rule applicable only to such sum as the State would be entitled to receive as State taxes. Numerous constitutional and statutory provisions are cited which prescribe the duties of county treasurers, the fixing of the bond, the method of collection of taxes and settlement with the State Treasurer and other corporate authorities by the county treasurer as *ex-officio* collector, and other duties of that official regarding taxes, and counsel argue that these provisions support their conten-

tion that no funds so held are subject to preference of the State except those to be paid to the State as State tax. This court, however, is committed to the rule laid down in *People* v. *Farmers State Bank, supra,* which limits the preference of the State to such taxes as are in the hands of the county collector but undistributed. In *People* v. *Farmers State and Savings Bank,* 338 Ill. 134, that holding was approved, but it was also held that the rule should not be extended to taxes collected and distributed, and that taxes collected for school purposes which had been turned over to the school treasurer and by him deposited in a bank which subsequently became insolvent, are not subject to a claim of preference by the school treasurer on the grounds of preference to the State. These cases lay down the rules governing this case. Under the former, appellees were entitled to a preference as to the sum of $8466.37 taxes collected but not distributed.

As to the sum of $1665.67 a different situation exists. The source of this deposit is not clearly shown by the record, but apparently it was from the sale of road bonds and general sources. It is conceded that it was not tax money. It belonged to Iroquois county. A county is a public corporation existing only for public purposes connected with the administration of State government, and its revenues are, when no express constitutional restriction is imposed, subject to legislative control. (*Marion County* v. *Lear,* 108 Ill. 343; *Dennis* v. *Maynard,* 15 id. 477; *County of Richland* v. *County of Lawrence,* 12 id. 1.) The power conferred on a county to raise revenue by taxation is a political power within the control of the legislature. (*Logan County* v. *City of Lincoln,* 81 Ill. 156; *Sangamon County* v. *City of Springfield,* 63 id. 66.) The legislature has control over the right of the county to raise funds and the administration of the affairs of the county. It has not been held in this State, however, and cannot be, that once funds pass into the treasury of the county as county funds the State has control over such funds other than to limit the

uses to which they may be put by the county. The State has no right to order them paid out. Such funds are not State funds. They belong to the county. Funds belonging to the county go into the possession of the county treasurer as an officer of the county. *People* v. *McGrath,* 279 Ill. 550; *Thompson* v. *Board of Trustees,* 30 id. 99; *People* v. *Farmers·State and Savings Bank, supra.*

By section 23 of the Counties act it is declared that powers of a county are to be exercised by a county board. Under section 24 of that act counties are given power to purchase and hold real and personal property for the use of the county, to convey or lease such property, and to make all contracts and do all other acts in relation to the property of the county necessary to the exercise of its corporate powers. By section 25 of that act they are empowered to manage the county funds and county business except as otherwise specifically provided, to examine and settle all accounts against the county and all accounts concerning the receipts and expenditures of the county. It is thus seen that each county has power to manage the county funds and business. *Stevens* v. *St. Mary's Training School,* 144 Ill. 336; *Fitzgerald* v. *Harms,* 92 id. 372.

It seems clear that the deposit of $1665.67 belongs to the county and not to the State. No preference exists in behalf of the county. The decree, in so far as it awarded such a preference, is erroneous. Under the holding in *People* v. *Farmers State Bank, supra,* the decree granting priority as to the sum of $8466.37 is correct. The decree of the circuit court granting preference as to the last named sum is affirmed and as to the sum of $1665.67 is reversed and the cause is remanded, with directions to enter a decree in conformance with the views herein expressed.

*Affirmed in part and reversed in part and remanded.*