## THE RESCUE FIRE CO. OF CAMBRIDGE *v.* COUNTY COMMISSIONERS OF DORCHESTER COUNTY

[No. 117, October Term, 1946.]

*Decided April 18, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*V. Calvin Trice* submitted on brief for the appellant.

*Gould & Edmondson* and *Thomas W. Simmons* submitted on brief for the appellees.

GRASON, J., delivered the opinion of the Court.

By the Acts of 1941, Chapter 461, the County Commissioners of Dorchester County were "authorized and directed to pay annually an amount not exceeding, nor less than seven thousand two hundred and fifty dollars ($7,250.00) to the several volunteer fire companies so long as said fire companies remain active bodies, and active fire fighting organizations for their benefit, said sum of money to be used by the respective fire companies for the support, maintenance, equipment, and operation of said volunteer fire companies for the purpose of suppressing fires in said county." These payments were to be made "on the first day of October in each and every year." This sum was included in the levy for the years 1941, 1942, 1944, 1945 and 1946 and duly distributed to the fire companies named in the Act by the Commissioners.

In the year 1943, under the provisions of Article 81, Section 26, Flack's Annotated Code, 1939, the County Commissioners changed the fiscal year from May 1st to April 30th, to the calendar year. In 1943 the Commissioners made a fractional levy for the eight months dating from May 1, 1943, to December 31, 1943. Thereafter they levied to cover expenses of the County from January 1st to the following January 1st. In the fractional levy to cover the expenses of the County government for the last eight months of 1943, they levied, not the sum of $7,250 as provided by this Act, but for two-thirds of that sum, and they paid the volunteer fire companies specified in the Act two-thirds of the sum that the Act provided for.

The fire companies brought suit against the Commissioners for the difference which was paid them under the fractional levy and the amount which the Act designated to be paid to them on the first of October of each and every year. The lower court found a verdict for the Commissioners and from a judgment entered thereon this appeal has been taken.

The cases instituted by the other fire companies are pending, awaiting the decision of this court in the present case.

There was a demurrer filed to the declaration, which was withdrawn. The Commissioners filed two pleas of limitation; a third plea, called a "special plea," and the general issue pleas. The limitation pleas were withdrawn. The appellant demurred to the third, or "special plea," which was overruled, and the correctness of this ruling is one of the points presented in this case.

The case was tried before the court, without a jury, upon an agreed statement of facts. There is no question that the appellant has been paid $2,000 each year for the six years running from 1941 to 1946, both inclusive, with the exception of the year 1943, when it was paid two-thirds of $2,000. This suit is brought to recover the remaining one-third for the year 1943, which the appellant claims is due it. The confusion in

the matter results from the change by the County from the old fiscal year to the calendar year.

The appellee contends that the word "annually" used in Chapter 461 of the Acts of 1941 refers to the new fiscal year. If this is correct then the judgment of the lower court must be affirmed. The appellant's position is that the payment to it under the Act is mandatory and that the change by the Commissioners from the old fiscal year to the calendar year is immaterial.

The Act "authorized and directed" the Commissioners to levy and pay on October 1st the sum of $2,000 to the appellant. This Act has been operative for the last six years and the Commissioners should have paid to the appellant, during this period, $12,000, unless the change from the old fiscal year to the calendar year, and the fractional levy in 1943, had the effect of reducing the payment to the appellant on October 1, 1943, to $1,333.34. There can be no doubt that the fractional levy was proper to meet the general expenses of the County from May 1, 1943, to December 31, 1943. The question in the case is whether the payment to appellant under the Act could be reduced by the Commissioners, as it was, under the fractional levy.

Speaking of counties, incorporated towns and cities of the State, Judge Miller, in *Mayor, etc., of Hagerstown v. Sehner*, 37 Md. 180, at page 193, said:

"They are public corporations created by the Legislature for political purposes, with political powers, to be exercised for purposes connected with the public good, in the administration of civil government.

"They are instruments of government subject at all times to the control of the Legislature with respect to their duration, powers, rights and property. It is of the essence of such a corporation, that the government has the sole right as trustee of the public interest, at its own good will and pleasure, to inspect, regulate, control and direct the corporation, its funds and franchises. These are the unquestioned general doctrines on this subject, sustained by all the authorities."

In *Peter v. Prettyman,* 62 Md. 566, at page 571, it is said: "The county commissioners are a body politic; a corporation charged with the administration of the county affairs, and can only do what their charter powers, by express language or necessary implication, permit."

In *Mayor, etc., of Baltimore v. Marriott,* 9 Md. 160, 66 Am. Dec. 326, the Court said: "It is a well settled principle that when a statute confers a power upon a corporation to be exercised for the public good, the exercise of the power is not merely discretionary but imperative, and the words 'power and authority,' in such case, may be construed duty and obligation."

This language was repeated in *Bouldin v. Mayor, etc., of Baltimore,* 15 Md. 18, and in *Anne Arundel County Commissioners v. Duckett,* 20 Md. 468, 83 Am. Dec. 557. The facts of these cases are far different from the case at bar, but the principle carried in the quotation is applicable in this case.

The Acts of 1941, Chapter 461, "authorized and directed" the Commissioners to levy and pay to the appellant, on October 1, 1943, the sum of $2,000. It, therefore, became the duty of the Commissioners to comply with the Act, if the appellant performed the duties which the Act cast upon it. The Commissioners were given power to investigate the appellant, and if it was not using the appropriation for the purpose of maintaining itself as an efficient and active part of the fire department of the County, to refuse to pay the money to the appellant. It seems to be conceded that the appellant has performed all of its duties under the Act, because no question in this regard is raised, and it is to be presumed that the Commissioners exercised their power over the appellant to see that it was and is an efficient volunteer fire unit. The facts, then, appear to be that under the Act the Commissioners were to pay the appellant $2,000 a year, provided it maintained itself as an efficient fire fighting force, and used its organization in responding to and "suppressing fires in

said county." It is not disputed that the appellant has performed its duties as a fire fighting force, for which it was paid and to be paid $2,000 a year. The County Commissioners were, by the Act, authorized and directed to make such payment. This payment was a fixed charge and the Commissioners were without authority, under its general levy power, to change this fixed charge, for nowhere in Section 26 of Article 81 are the Commissioners given power to modify a legislative enactment which "authorized and directed" them to make the levy and the appropriation contained in the Act in question. The Commissioners had no authority so to do. They were bound by the Act to do that which it "authorized and directed" them to do.

The facts of this case show that the appellant has not been paid $666.67, notwithstanding it has performed the work for which this sum should have been paid. The facts set up in the third plea were not a sufficient defense and the demurrer thereto should have been sustained. We are of opinion that the verdict should have been for the appellant.

We do not think the case of the *Baltimore, C. & A. Ry. Co. v. Comm. of Wicomico County,* 93 Md. 113, 48 A. 853, nor the *Read Chemical Co. v. Claypoole,* 165 Md. 250, 166 A. 742, are in point.

> *Judgment reversed, judgment entered for appellant against appellee for $666.67, with interest and costs.*