UNITED ACCOUNTS, INCORPORATED, Bismarck, North Dakota, Plaintiff and Appellant,

v.

George DACHTLER, Defendant and Respondent,

and

The County of Grant, Garnishee.

No. 7861.

Supreme Court of North Dakota.

Dec. 16, 1959.

Joseph Coghlan, Bismarck, for plaintiff and appellant.

Maurice G. LaGrave, Mandan, for defendant and respondent.

STRUTZ, Judge.

Judgment in this action was entered by stipulation of the parties. Thereafter, the plaintiff garnisheed Grant County, as the employer of the defendant, in attempting to collect its judgment. In such garnishment

proceeding the defendant contended that Grant County, being a political subdivision of the State of North Dakota, is not subject to garnishment and that property or funds in the hands of the garnishee County, belonging to the defendant, were not liable to garnishment.

The sole question on this appeal is whether a county is subject to garnishment as a garnishee.

█ In the absence of express legislative authority, a county would not be liable to garnishment. 4 Am.Jur. 642, Sec. 143. If a county is to be held subject to garnishment, authority for such proceeding must be found in our garnishment statute. Section 32-0901 of the North Dakota Revised Code of 1943 provides that creditors may proceed by garnishment, and reads as follows:

"32-0901. Creditors May Proceed by Garnishment. Any creditor shall be entitled to proceed by garnishment in any court having jurisdiction of the subject of the action, against any person, any public corporation, the state of North Dakota, or any institution, department, or agency of the state, indebted to or having any property whatever, real or personal, in his or its possession or under his or its control, belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner prescribed in this chapter. The term plaintiff is used in this chapter to embrace every judgment creditor and the term defendant to embrace every judgment debtor."

The question, therefore, is whether a county comes within the designation of "any public corporation" or the designation of "agency of the state," as those terms are used in the above statute.

There is some authority to the effect that a county is not, strictly speaking, a corporation. 14 Am.Jur. 186. Under North Dakota statutes each county is designated as a body corporate for civil and political purposes. Sec. 11-1001, NDRC 1943.

Historically, counties have been considered public corporations. Early in our history, the United States Supreme Court said:

"Public corporations are generally esteemed such as exist for political purposes only, such as towns, cities, parishes, and counties; * * *" Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 669, 4 L.Ed. 629.

Our statutes provide that in construing a law the ordinary sense in which words are used must be considered, and that any words explained in the Code are to be understood as thus explained. Sec. 1-0202, NDRC 1943.

█ A "public corporation" has been defined as one created by the State for political purposes, to act as an agency in the administration of civil government, "such as a county, city, town, or school district." Black's Law Dictionary, 3d Ed., p. 439.

Not only do our statutes define "counties" as "bodies corporate for civil and political purposes," but the Legislative Assembly has construed the term "public corporation" in connection with our law on deposit of public funds. In Section 21-0401, subd. 1, North Dakota Revised Code of 1943, "public corporation" is defined as follows:

"'Public corporation' shall include a county, city, village, township, school district, and any body corporate except a private corporation; * * *"

This court has said that a public corporation is one created by the State for political purposes, and to act as an agency in the administration of civil government within a particular territory or subdivision of the State, such as a county, city, town, or school district. Kiner v. Well, N.D., 71 N.W.2d 743, 749; Hart v. Bye, N.D., 76 N.W.2d 139, 144; Harding v. City of Dickinson, 76 N.D. 71, 33 N.W.2d 626.

Courts of other States have included "counties" in their definition of "public corporations." People v. Bank of Chebanse, 340 Ill. 124, 172 N.E. 50; State ex rel. Wil-

son v. Weir, 106 Mont. 526, 79 P.2d 305, 308; Chambers County v. Lee County, 55 Ala. 534; Rescue Fire Co. of Cambridge v. County Commissioners, 188 Md. 354, 52 A.2d 733; 18 C.J.S. Corporations § 18, p. 394.

There can be little doubt that the term "agency of the state," as used in our garnishment statute, includes a county. The word "agency" denotes a relation created by law or contract whereby one party delegates the transaction of some lawful business or the authority to do certain acts to another. Black's Law Dictionary, 3d Ed., p. 78.

Counties are created by the State as agencies in the administration of civil government. They are "bodies corporate for civil and political purposes." They collect and pay over to the State Treasurer the taxes for the State; county officers enforce State laws. Counties, acting in the performance of these and other governmental functions, are agencies of the State.

Our Legislature having defined the term "public corporation" in the statute on depositories of public funds to include counties, and having defined "county" as "a body corporate for civil and political purposes," and this court having said that a county is a public corporation, and counties being agencies of the State, it follows that a county can be summoned as a garnishee under conditions prescribed by our garnishment law.

The argument advanced by respondent that to allow the garnishment of a county would result in inconvenience and detriment to the public service, loses its force when we remember that garnishment of the State, or any institution, department, or agency of the State, is expressly provided for in our garnishment statute. Thus the wages of any person employed in any capacity by the State of North Dakota, or any of its institutions or departments, as well as persons employed by any public corporation or agency of the State, are subject to garnishment. The Legislature evidently felt that persons employed by the public should pay their just debts. There is no reason to suppose that the Legislature intended that persons employed by a county should be given any preferential treatment in that regard.

The judgment of the district court, holding that a county is not subject to garnishment, is therefore reversed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.