ELLEN SHEPPARD and THOMAS JONES *vs.* GEORGE WILLIS and JOSEPH RAVEL.

### *Practice—Appeal.*

Where a case is submitted to the Court, instead of being tried before the jury, it is the province of the former as it would have been of the latter to decide upon the facts presented; and a decision so made upon the weight and force of the evidence is no more the subject of an appeal than would be the verdict rendered by the jury.

Courts may with propriety be called upon to give an instruction as to the insufficiency of evidence; and will do so, when there is no proof from which a reasonable mind may infer the existence of a fact, necessary to be established, in support of the issue joined.

APPEAL from the Court of Common Pleas.

This was an action instituted on the 19th of April, 1864, in the Court of Common Pleas, by the appellees as co-partners against the appellants, also co-partners in trade, to recover for fish alleged to have been sold and delivered by the former to the latter, and was by consent submitted for trial to the Court, without the intervention of a jury.

It was proved by Daniel Piquett, on behalf of the plaintiffs, that "they did business together as co-partners in the fish business; that the defendants were likewise co-partners

in the purchase and sale of fish as hucksters in the public markets of the city of Baltimore, and had been for the last eight or ten years; that the plaintiffs were fishermen, and furnished fish to the hucksters in the public markets; that it is the custom of persons engaged in furnishing fish to hucksters to send them the fish, and after they are sold, the hucksters settle for them at such prices as they deem fair; that he kept the amount of fish sent by the plaintiffs to the defendants, and the prices allowed by the defendants to the plaintiffs for such fish; that he was furnished by Jones, one of the defendants, from time to time during the months of May, June and July, 1862, with an account of the amount of fish sent by the plaintiffs and the prices thereof, and the aggregate was $622.00. Of this amount, Jones, one of the defendants, from time to time paid him, for the plaintiffs, the sum of $400.00, leaving due to them a balance of $222.00."

On cross-examination, this witness said "that all his interviews were with Jones. He never learned any thing about the number of fish furnished the defendants by the plaintiffs, or the prices thereof from Mrs. Sheppard. Jones paid him all the money that was paid for said fish so furnished; he was employed by the plaintiffs to keep their account and to collect their money for the fish furnished the defendants, and got all his information as to the amount of fish so furnished and the prices allowed, from Jones, one of the defendants."

Upon this evidence the plaintiffs rested their case, and the defendants thereupon proved by Thomas Jones, (one of the defendants,) "that no co-partnership ever existed between him and his co-defendant, Ellen Sheppard; that all the fish spoken of by the witness Piquett, were sent to him by the plaintiffs for sale, they were not sold to him but were sent to be sold by him; that they were sent to him on his own account and responsibility; that Ellen Sheppard had no knowledge of the consignment, and had nothing whatever to do with the same; that the custom testified to by Piquett is not universal; that witness generally sold said fish to hucksters at wholesale.

Sheppard and Jones *vs.* Willis and Ravel,

Upon cross-examination, he further said that "Ellen Sheppard and he had been selling fish together in the markets for the last ten or fifteen years; that they had taken out a Government license together; that they divided the profits upon all fish sold whenever there were any profits made; that some of the fish spoken of in this case were sold at wholesale and some at retail; that he and Ellen Sheppard divided the profits on all sales whether at wholesale or retail." And upon being asked whether Ellen Sheppard got her half of the profits on the fish furnished by the plaintiffs in this case said: "I will not tell a lie about it, she did get her half of the profits on those fish like all others."

The evidence on both sides being concluded, the defendants asked the Court to give the instruction which will be found set forth in the opinion of this Court. The Court refused to give the instruction asked for, and judgment was entered for the plaintiffs. The defendants prosecuted this appeal.

The cause was submitted on the briefs to BARTOL, C. J., NELSON, BRENT, MILLER and ALVEY, J.

*John J. Snyder*, for the appellants.

*Thomas M. Lanahan*, for the appellees.

BRENT, J., delivered the opinion of this Court.

The question presented by the record in this case arises upon an application to the Court below " to say, that in order to entitle the plaintiffs to recover from the defendants, it must find that there was a co-partnership existing between the said Sheppard & Jones, at the time of said transaction, mentioned in the bill filed in the cause, but that there was no sufficient evidence of that fact, and that the judgment must be for the defendants." The case was submitted and tried, by consent, before the Court of Common Pleas for Baltimore city. It was accordingly its province, as it would have been that of a

Sheppard and Jones *vs.* Willis and Ravel.

jury, to decide upon the facts presented. A decision so made upon the weight and force of the evidence is no more the subject of an appeal to this Court than would be the verdict rendered by a jury. Courts, however, may with propriety be called upon to give an instruction as to the insufficiency of evidence, and will do so when there is no proof offered from which a reasonable mind may infer the existence of a fact necessary to be established in support of the issue joined. Did we regard this appeal as an application to this Court to review the conclusion of the Court below upon the weight or credibility of the testimony, we would, *ex mero motu,* pass an order of dismissal. But construing the prayer of the defendants to mean that there is no proof legally sufficient to be considered by the Court to establish the partnership in question, we will, in that view, decide the point presented in the bill of exceptions. Upon examining the testimony of the two witnesses produced, we think there is not only testimony, legally sufficient, tending to prove the partnership of the defendants in the transaction, which is the subject matter of this suit, but that it is established as conclusively as could well be done by parol evidence. There is, therefore, no error in the ruling of the Court below, and we will add that the appellants have failed to show the *slightest* ground for their appeal.

*Judgment affirmed.*

(Decided 14th May, 1868.)