JOHN G. McCULLOUGH *vs.* FRANK R. BIEDLER, trading as BIEDLER BROTHERS & Co. SAME *vs.* SAME.

*Case tried before the Court without a Jury—Appeal—Practice.*

When the Court hears a case as a jury, its conclusion, like that of a jury, is not subject to appeal.

When cases are tried before the Court without a jury, the Court may, and ought to be asked, to decide any legal proposition which either party may think essential to his case, and if he desires to appeal, he should make the Court's ruling thereon the basis of his exception.

APPEALS from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, IRVING, and BRYAN, J.

*W. H. Cowan,* for the appellant.

*B. Howard Haman,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellant was sued in Baltimore City, and declared against in the common counts. He pleaded in abatements, "that he did not inhabit, dwell or reside " in Baltimore City, but did " inhabit, dwell and reside " in Baltimore County. Issue was joined on this plea, and the question was submitted to the Court without the interven-

McCullough *vs.* Biedler.

tion of a jury. The Court found for the plaintiff and judgment of *respondeat ouster* was entered. The appellant excepted to this finding, and a bill of exceptions was signed and sealed. It recites nothing but that "the defendant excepted to the finding of the Court and prayed an appeal therefrom, and prayed the Court to sign and seal his bill of exceptions, which is accordingly done." After filing this bill of exceptions, and without waiving the same, the appellant pleaded the general issue, and the case was tried before the Court without the intervention of a jury. The Court found for the plaintiff, and defendant again appealed from the judgment of the Court on the ground that the Court had no right to render the same, which is certified by the second bill of exceptions.

It is evident that there is nothing before this Court on either appeal for us to review, or which we can review. Evidence was offered, admitted, and considered by the Court on the plea in abatement, and there was no exception as to its admissibility or legal sufficiency to establish the residence of the appellant in Baltimore City. The appeal is simply from the finding of the Court, and where the Court hears the case as a jury, their conclusion like that of a jury is subject to no appeal. *Sheppard & Jones vs. Willis & Ravel*, 28 *Md.*, 631. It is true the Court has filed an opinion, from which it may be gleaned what was thought of the law applicable to such case on such evidence, but the appeal is from the finding and not the Court's ruling on any question of law presented by either side. The practice is too well settled now to be disturbed, that when cases are tried before the Court without a jury, the Court may, and ought to be asked to decide any legal proposition which either party may think essential to his case, and if he desires to appeal he should make the Court's ruling thereon the basis of his exception. That was not done in either case. In the second appeal the sole ground relied on, is that the Court had no jurisdiction,—manifestly

relying on the sufficiency of the appeal from the finding on the plea in abatement. For these reasons the judgment must be affirmed.

*Judgment affirmed.*

(Decided 17th December, 1886.)

