Elihu E. Jackson, and others *vs.* The Commissioners of Salisbury.

*Appellate jurisdiction—Trial by the Court without a Jury— Bills of Exception—Case stated—Reservation of the Right of Appeal—Judgment on a Case stated.*

The Court of Appeals has no power to decide any point or question which does not appear by the record of the case to have been raised, or made in and decided by the Court below.

Where a case is tried before the Court without the aid of a jury, the rulings of the Court should be brought before the appellate tribunal for review by means of bills of exception, or by a case stated.

In a case stated the Court is confined to the precise facts embraced in the statement, and has no power to draw inferences from them, unless there is an express agreement that the Court may make such deductions of fact as a jury ought to make; and it is necessary to state upon what conclusions of law the Court is authorized to render judgment; and usually both sides reserve the right of appeal.

The Court has no power to render judgment on a case stated unless it is so expressly agreed.

Appeal from the Circuit Court for Wicomico County.

The facts of the case need not be stated, as no question was brought before the Court for review.

The cause was submitted to Alvey, C. J., Yellott, Stone, Miller, Irving, and Bryan, J.

*James E. Ellegood*, for the appellants.

*Samuel A, Graham,* and *E. Stanley Toadvine,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

In this case an agreed statement of facts was filed, and the case was submitted to the Court. There is nothing in the record to show on what specific point or question an objection was made to the Court's ruling. By the Act of 1825, chapter 117, (Article 5, section 12, of the Code,) we have no power to decide " any point or question which does not appear by the record to have been raised, or made in and decided by the Court below." In cases where parties avail themselves of the constitutional privilege to substitute the Court for the jury in the trial of facts, they ought to bring the Court's ruling before us for review by means of a bill of exceptions. *McCullough vs. Biedler, ante,* 283. But previously to the Constitution of 1867, it was always competent for parties to make a case stated for the opinion of the Court, and it may still be done. In a case stated the Court is confined to the precise facts embraced in the statement, and has no power to draw in ferences from them, unless there is an express agreement that the Court may make such deductions of fact as a jury ought to make ; and it is necessary to state upon what conclusions of law the Court is authorized to render judgment. As, for instance, "if the Court should be of such and such an opinion, their judgment is to be entered for the plaintiff," and "if it should be of such another opinion," or if it "should be of a contrary opinion, judgment is to be entered for the defendant." In this way the Appellate Court sees distinctly on what grounds judgment was rendered. And it is usual also for both sides to reserve a right of appeal; this is a notification to the trial Court that its decision is to be reviewed. It has been decided that the Court has no power to render judgment on a case stated unless it is so expressly

agreed.    *Marine Bank vs. Merchants' Bank*, 12  *G. & J.*,
498.    Many instances of cases stated are found in our re-
ports.    The *Baltimore & Ohio Railroad vs. Potomac Coal
Company*, 51 *Md.*, 327, may be mentioned among others.
In this case there was an express agreement that either
party might appeal from the judgment of the trial Court,
although it is not so stated in the report.

In the present case it seems that the parties intended
that the Court should discharge the functions of both
Court and jury according to the constitutional provision.
But whatever they may have intended, as no question is
brought before us for review, we have no alternative but
to affirm the judgment.

*Judgment affirmed.*