(Decided December 5th, 1895.)

---

P. NEW & SONS *vs.* CHARLES TAYLOR ET AL.

*Appeal—Bill of Exceptions Necessary when Case is Tried Before a Court Without Jury.*

When an action at law is tried before the Court below without a jury, upon an agreed statement of facts, and no exceptions are taken to the rulings of the Court, but the appeal is simply from the finding of the Court, such judgment cannot be reviewed on appeal.

Appeal from the Circuit Court for Queen Anne's County. The case is stated in the opinion of the Court.

The cause was argued before BRYAN, McSHERRY, BRISCOE, ROBERTS and BOYD, JJ.

*William Penrose* (with whom were *Ralph Robinson* and *J. H. C. Legg* on the brief), for the appellants.

*P. B. Hopper,* for the appellees, submitted the case on brief.

BRISCOE, J., delivered the opinion of the Court.

The appellants brought suit in the Circuit Court for Queen Anne's County against the appellees, and the judgment being for defendant's costs of suit, the plaintiff has appealed.

It appears from the record, that on the 7th of May, 1895, what purports to be an agreed statement of facts was filed in the case, and on the 10th of May of the same year, the issues being made up, it was agreed to submit the case for trial to the Court, and after the hearing of evidence, the Court directed a judgment to be entered for the defendant's costs of suit. The docket entries are as follows: "Sums. in case, *Nar.* and note, rule plea, pleas, rule repln. Agreed statement of facts. Motion for severance, and motion allowed. Trial before the Court, May 10th, 1895. Verdict for defendants. Judgment rendered on verdict for $8.85-100, defendants' costs of suit;" and on 9th of July, 1895, order for an appeal.

There is no bill of exceptions, however, in the case, bringing the Court's rulings before us for review. The appeal is simply from the finding of the Court, and it is well settled that where the Court hears the case as a jury, their conclusion, like that of a jury, is subject to no appeal. *Sheppard & Jones* v. *Willis*, 28 Md. 631. While it is true that a prayer offered on the part of the plaintiff appears to have been refused by the Court, yet there is nothing to show that an exception was reserved to this ruling, nor to any ruling made during the trial of the case. No bill of exceptions has been sent up with the record, nor is there anything in the transcript showing that any exception was taken in the Court below. Nor does the record set out the evidence taken at the hearing of the case, except the agreed statement of facts, which was filed on the 7th of May, three days before the case appears to have been submitted and heard by the Court.

"The practice is too well settled now to be disturbed," says the Court, in *McCullough v. Biedler*, 66 Md. 284, "that when cases are tried before the Court, without a jury, the

Court may and ought to be asked to decide any legal propo-
sition which either party may think essential to his case,
and if he desires to apppeal he should make the Court's rul-
ings thereon the basis of his exception," and the questions
should be submitted on appeal by bills of exceptions.    *Trus-
tees of the Church* v. *Browne*, 39 Md. 160 ; *Jackson* v. *Comrs.
of Salisbury*, 66 Md. 459.    And as that was not done in this
case, and there being no legal questions before us to review,
or which we can review, this appeal will be dismissed.

*Appeal dismissed with costs.*

(Decided December 5th, 1895.)