## THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* THE CONSOLIDATED GAS CO.

*Inspection of Gas Meters in Baltimore City—Agreed Statement of Facts.*

Under the ordinances of Baltimore City contained in City Code, Art. 28, secs. 10-12, the city is authorized to charge gas companies twenty-five cents each for the inspection and sealing of all new meters used in the city, but is not entitled to charge that fee for the inspection and sealing of meters discontinued, or moved to another customer, and then put in use again, although such meters must be again inspected.

When a case is submitted to a Court for its judgment under an agreed statement of facts, it ought to appear affirmatively that the case is submitted to the Court for its opinion on the law. But when the agreed statement provides that the Court shall enter judgment in accordance with its opinion on the facts, the judgment entered will be considered on appeal as declaring the law applicable to the facts stated.

Appeal from the Superior Court of Baltimore City (HARLAN, C. J.)

The last paragraph of the agreed statement was as follows: "It is further agreed that the Court shall draw from the fore-

going facts hereby agreed to, all inferences of fact or law which the Court might or could draw, were the said facts offered in evidence before the Court, sitting as a jury; and it is further agreed that the Court shall enter judgment for the plaintiff or for the defendants, in accordance with the opinion of the Court upon the said facts, with the right to either party to appeal from such judgment to the Court of Appeals."

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Albert C. Ritchie* (with whom was *W. Cabell Bruce* on the brief), for the appellant.

*Vernon Cook* (with whom were *Gans & Haman* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case was submitted to the Superior Court of Baltimore City upon an agreed statement of facts and from a judgment entered for the defendant this appeal has been taken. The question presented for our determination involves a construction of certain ordinances of the Mayor and City Council of Baltimore, codified as sections 10, 11 and 12 of Art. 28 of the Baltimore City Code. By sec. 10 it is provided, that it shall not be lawful for any new meter to be furnished or put in use in this city by any gas company which shall not have been previously proved to be correct and sealed by the General Superintendent of Lamps and Inspector and Sealer, except during such time as from any cause the office shall be vacant or shall, after request made, refuse or neglect to prove, and if correct, seal the meters furnished at his office by any gas company for that purpose, and for said proving and sealing the company shall pay said officer the sum of twenty-five cents for each and every new meter so proved and sealed as aforesaid. Any gas company convicted before a Justice of the Peace of violation of the provisions of this section, shall forfeit

the sum of ten dollars, and a further sum of five dollars for each and every day that such meters are allowed to be continued in use after a notice, ordering its discontinuance has been served. upon such company by him.    By sec. 11 it is provided that no meter shall be set unless it be sealed and stamped in the manner required by the preceding sections. And by sec. 12 it is also provided that it shall not be lawful for any gas company to put in use in the city of Baltimore any gas meter which shall have been discontinued, or any meter which has been in the use of any other consumer, unless the same has been re-inspected and re-stamped by the General Superintendent of Lamps and Inspector and Sealer of Gas Meters.    Any gas company convicted before a Justice of the Peace, of the violation of the provisions of this section, shall forfeit the sum of ten dollars and the further sum of five dollars for each and every day that each of said meters are allowed to be continued in use, after a notice has been served, upon such gas company by him.

It is contended upon the part of the Mayor and City Council of Baltimore that the city is not only entitled, under the provisions of the ordinances, to charge a fee of twenty-five cents for each new meter inspected and sealed, but also to charge the same fee for the re-inspecting and re-stamping of discontinued or old meters as required by sec. 12 of that Article.    The appellee admits the right of the city to charge for the inspection of new meters, under the 10th section, but denies its power to impose a tax for the re-inspection of the meters that have been discontinued, and have again been put in use.    The facts of the case, according to the agreed statement filed in the case and incorporated in the record, are as follows:

In May, 1903, the appellee, the Consolidated Gas Company, delivered to the Superintendent of Lamps and Lighting of Baltimore City, 4551 new gas meters, to be inspected and tested by him, and having been duly tested were sealed and stamped, with a seal containing the words, "Inspected, Baltimore," and were afterwards put in by the Gas Company upon the premises of consumers in the city of Baltimore and the

appellee paid the sum of twenty-five cents for each meter so proved and sealed.

Subsequently, these meters were discontinued and removed from the premises where they had been installed, and after being repaired, were delivered during the month of May and June of the same year, to the Superintendent of Lamps and Lighting for re-inspection, and after being re-inspcted and re-stamped, were again put in use in the city of Baltimore, and that the appellee refused to pay a charge of twenty-five cents per meter for the re-inspection and re-stamping of the discontinued meters. And it further appears that the monthly average of meters, both new and discontinued, inspected and sealed by the superintendent, includes about 500 new to about 1500 discontinued meters.

The single question presented upon this state of facts is this : Can the appellant, the Mayor and City Council of Baltimore, require the appellee, the Gas Company, to pay a fee of twenty-five cents per meter, for the re-inspection and re-stamping of what is called, discontinued gas meters, and this, as we have said, depends upon the construction of the ordinances applicable to the case. The language of the 10th section, *supra*, is perfectly clear, and it provides that it shall not be lawful for any *new meter* to be furnished or put in use in the city by any gas company, which shall not have been previously proved to be correct, and sealed by the General Superintendent of Lamps and Sealer, and for this proving and sealing the company shall pay the sum of twenty-five cents for each and every new meter so proved and sealed. It appears, from the 12th section however that while it is made unlawful for any gas company to put in use any meter which has been discontinued or which has been in the use of any other consumer, unless the same has been re-inspected and re-stamped, the section omits to provide a fee or charge to be paid by the company, for the re-inspection and re-stamping of discontinued meters. It provides a penalty for the violation of the provisions of the ordinance, but no charge is fixed in this section or any other part of the ordinance for the re-in-

spection and re-stamping of discontinued meters.   So when the ordinance states in one section that a fee shall be charged for the inspection of new meters, and in another section, relating to discontinued meters, it omits to provide an inspection fee, the reasonable conclusion is that there was no intention to impose a charge for any meters, except new ones.

The rule is well settled that when a statute is clear and free from ambiguity, it must be construed to mean what is plainly expressed therein.

Nor does the 11th section of the ordinance help the appellant's contention.   This section provides, that no meter shall be set unless it be sealed and stamped in the manner required by the preceding section.

Now, since the 10th section distinctly directs that the charge of twenty-five cents shall be limited "to each and every new meter, so proved and sealed," we do not see how the 11th section, even should we read into it that portion of the 10th section which applies alone to new meters, could be construed to authorize a charge for the inspection of discontinued meters. The 11th section is confined to "the sealing and stamping" of all meters but does not provide a charge for the meters covered by the 12th section.   We are of the opinion then, for the reasons stated, that under the ordinances heretofore set out, the inspection fee is limited to new meters, as required by the 10th section and that the ordinance does not provide a charge for the re-inspection and re-stamping of discontinued meters.

As to the objection, argued at the hearing, that the agreed statement of facts, is not in proper form, to present the questions to be passed upon by the Court, we need only say, that since the Act of 1888, ch. 317, Code, Art. 26, sec. 15, the Court is at liberty upon cases submitted upon agreed statement of facts, to draw all inference of facts or law, that Court or jury could have drawn from the facts so agreed or stated, as if they had been offered in evidence upon a trial before the Court and jury.

It appears from the agreement filed in the case, that the Court was authorized to enter judgment for the plaintiff or for

the defendant, in accordance with the opinion of the Court upon the facts, with right to either party to appeal. The approved practice in such cases is stated by this Court in *Tyson* v. *Western Nat. Bk.*, 77 Md. 421 and in *Salfner* v. *State*, 84 Md. 302. While the practice there stated has not been fully followed here, yet as it appears that the case was submitted to the Court for its opinion upon the facts, we find no sufficient reason for reversing the judgment for the reason indicated. In *B. C. & A. Ry. Co.* v. *Wicomico Co.*, 93 Md. 128, it was said it was the duty of the Court to declare the law upon the facts stated and its action is subject to review by this Court, upon the law of the case, without being restrained by the provision of law referred to.

For the reasons stated, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided June 8th, 1904.)