## ISAAC HAMBURGER & SONS *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Taxation—When Appeal Raises Question of Law as to the Liability of Property to Assessment—Completion of Improvements at Date Fixed for Assessment—Substantial Completion.*

The action of the Baltimore City Court in determining that certain property assessed by the Appeal Tax Court is liable to taxation as matter of law, cannot be reviewed by this Court under sec. 170 of the Baltimore City Charter, providing for appeals, unless the question of law involved is raised by an exception to the ruling of the lower Court on a prayer or as to the admissibility of evidence, or by a demurrer, or in some way plainly presenting the question of law.

Baltimore City Ordinance No. 170 of 1899 provides that all new improvements finished on or before October 1st of each year shall be assessed for taxation for the ensuing year, "the said improvements to be construed as finished when plastering and inside wood-work are completed." *Held*, that under this ordinance new improvements are to be assessed when the plastering and inside wood-work are substantially completed by October 1st, although some part of such work may then remain to be done.

Ordinance No. 170 of the year 1899 of Baltimore City directs that new improvements on property finished on or before October 1st shall be assessed, the said improvements to be construed as finished when the plastering and inside wood-work are completed.  The owner of newly improved property asked the City Court to rescind an assessment thereon on the ground that the improvements were not finished on October 1st.  That Court passed an order determining that the improvements were so far completed on October 1st as to be liable to assessment, but directed a reduction in the amount of the assessment made by the Appeal Tax Court.  Upon an appeal from this order, *held*, that the question of fact whether the building was so far completed on October 1st as to be liable to assessment is one wholly within the jurisdiction of the lower Court, and its action cannot be reviewed by this Court.

*Held*, further, that the question of law involved, that is, whether under the ordinance, the improvements could be assessed if the plastering and inside wood-work were substantially, but not entirely, completed on October 1st, is not presented by the appeal from the order in such a way that it can be reviewed by this Court, and that consequently, the appeal must be dismissed.

*Decided November 15th, 1907.*

Appeal from the Baltimore City Court (STOCKBRIDGE, J.)

.The cause was argued before BOYD, PEARCE, SCHMUCKER, BURKE and ROGERS, JJ.

*Joseph N. Ulman* (with whom were *Harman, Knapp & Tucker* on the brief), for the appellant.

*Albert C. Ritchie* (with whom were *W. Cabell Bruce* and *Sylvan Hayes Lauchheimer* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The appellants, as owners of the premises at the northwest corner of Baltimore and Hanover streets, in the city of Baltimore, filed a petition in the Baltimore City Court praying that the assessment of the improvements, made by the Appeal Tax Court for the year 1907, be rescinded.  The petitioners allege that on November 22nd, 1906, the Appeal Tax Court assessed these improvements for the year 1907 at $180,000 and that said assessment was illegal for the reason that the improve-

ments were not completed on October 1st, 1906, in many important respects and especially as to the plastering and inside wood-work. They relied on Ordinance No. 170, passed in 1899, by which "The Appeal Tax Court is authorized and directed to have assessed, for taxable purposes, all new improvements finished on or before the first day of October of every year; the said improvements to be construed as finished, when plastering and inside wood-work are completed." Testimony was taken and after a hearing in the lower Court, an order was passed, as follows:

"The above entitled cause coming on to be heard, and testimony having been given upon behalf of each of the parties, and the cause having been submitted by counsel for the appellant and for the city, and it appearing to the Court that the property in question as shown by the evidence was so far completed on the first day of October, 1906, as to be liable to assessment, and was legally assessed for taxation in Baltimore City for the year 1907, but that the amount of such assessment was erroneous, it is thereupon,

Ordered by the Baltimore City Court this 15th day of April, 1907, that the assessment on the improvements upon the lot mentioned in the petition in this case be and the same is hereby reduced from the sum of $180,000, to the sum of $150,000."

The only exception in the record is thus stated: "To the passing of which order the petitioners excepted, and prayed the Court to sign and seal this bill of exceptions, which is accordingly done," etc.

The appellee made a motion to dismiss the appeal and assigned as reasons therefor: "(1) Because the case involves nothing more than a question of fact, and the Court of Appeals will not review the Baltimore City Court's finding upon a question of fact, and (2) even if the appeal did involve a question which the Court of Appeals could pass upon still such question could not be raised by an exception taken only to the order passed by the lower Court."

We held in *Baltimore City* v. *Bonaparte*, 93 Md. 156, that it was not the design of sec. 170 of the City Charter (which gives the right of appeal from the Appeal Tax Court to the Baltimore City Court and from the latter to this Court) to re-

quire us to review the findings of fact made by the lower Court, as to the correctness of the assessment. In that case the Appeal Tax Court revalued certain property owned by Mr. Bonaparte, from which revaluation he took an appeal to the Baltimore City Court which reduced the assessment, and from that action the city appealed to this Court and on motion its appeal was dismissed.

There was undoubtedly a question of fact in this case to be determined by the lower Court, which this Court is not authorized to review—that is to say, whether the property was so far completed on the first day of October, 1906, as to be liable to assessment, but there was also a question of law involved, namely, whether under the ordinance referred to these improvements could be assessed for the year 1907, if the plastering and inside woodwork were substantially, but not entirely completed. The difficulty is that the order appealed from does not specifically pass on the latter question, but simply reduces the assessment from $180,000 to $150,000. It is true that in the recital it is said "it appearing to the Court that the property in question as shown by the evidence was so far completed on the first day of October, 1906, as to be liable to assessment, and was legally assessed for taxation," etc., but that would require this Court to review that question of fact and does not distinctly present a question of law. We might differ with the Court below as to the fact, but under Bonaparte's case we could not review its finding. The proper way to present the question was to submit a prayer, or to have the order in such form as would properly present the question of law passed on.

In *Skinner Dry Dock Co.* v. *Balto. City*, 96 Md. 32, we did pass on a similar question, but there was no motion to dismiss the appeal and, moreover, that was an appeal from an order dismissing the petition, while this order only reduces the assessment. In *Balto. City* v. *Austin*, 95 Md. 90, there were eighty-one appeals in the record. Each petitioner alleged that his membership or seat in the Baltimore Stock Exchange was not assessable for taxation. In twenty-six of the cases it was al-

leged that the petitioners were not residents of Baltimore City
and in twelve of them it was alleged that the petitioners were
not members of the Exchange.   It was said in the opinion
filed by JUDGE JONES, that it would be seen that the Baltimore
City Court was called upon to inquire into and decide ques-
tions both of law and fact; and after stating that in Bonaparte's
case it was held that mere questions of fact were not review-
able on such appeals, the Court said, "Even, therefore, if such
questions were presented by the record, which they are not,
they would not be here subject to review.   Before passing
upon any question of law we must ascertain from· the record
what questions are presented for decision.   Rule 4 of this
Court provides that 'in no case shall the Court of Appeals de-
cide any point or question which does not plainly appear by
the record to have been tried and decided by the Court below.'
*   *   *   The questions of law in any case arise out of the
facts; and that the appellate Court may determine whether the
law has been correctly applied to the facts there should be bills
of exception or agreed statements setting forth the facts and
*pointing to the questions of law raised upon them.*"   There was
no motion to dismiss the appeals, and the Court affirmed the
judgments below.   Other cases might be referred to in which
it has been held that this Court will not review the mere *find-
ing* of the lower Court, such as *McCullough* v. *Biedler*, 66 Md.
283; *Tyson* v. *Western Nat. Bank*, 77 Md. 412; *New &
Sons* v. *Taylor*, 82 Md. 40, and *Muir* v. *Beauchamp*, 91
Md. 650, but we will not discuss them.   In a case like
this, where it is desired to have the Court construe an
ordinance and determine its legal effect, it must be brought
before us by an exception to the ruling of the lower Court on
a prayer or admissibility of evidence or by demurrer or in
some way plainly presenting a question or questions of law
and it cannot be by an exception to an order such as this.
The appeal must therefore be dismissed.

As the question argued is one of importance, and one in
which the public is concerned, we will briefly state our con-
clusion on the merits of the case.   We are of the opinion that

the ordinance must be construed to mean that new improvements are to be assessed when the plastering and inside woodwork are substantially completed by October 1st, and that this record shows they were in this instance. There was a formal opening of the building on November 1st, 1906—two months before the period began for which the taxes were to be paid and on October 6th the appellants began the installation of the store fixtures, although the building was not then entirely completed. $150,000 (the amount fixed by the Court at which the property was to be assessed) had actually been expended by October 1st, and while there was still some work to be done on the plastering and inside woodwork on and after that date, it was not of a character to justify us in holding that it was not completed within the meaning of the ordinance. The principles applied in *Skinner Dry Dock Co.* v. *Balto. City, supra,* is applicable here, and if this appeal was properly before us we would not hesitate to affirm the action of the lower Court.

*Appeal dismissed, the appellants to pay the costs.*