# SOUTHERN MARYLAND NATIONAL BANK OF LA PLATA *vs.* THE COUNTY COMMISSIONERS OF CHARLES COUNTY.

*Agreed statement of facts. Appeal: record must present some point decided below.*

Where a case is presented to the Court of Appeals by an agreed statement of facts and docket entries only, which simply showed that there was a judgment for defendant and costs, without any prayers or rulings thereon, it was *held,* that there was no question of law brought before the Court of Appeals that could justify that Court in reviewing the decision.

p. 9

Chapter 317 of the Acts of 1888 (Code of 1912, Article 26, section 15), providing that upon all agreed statements of facts, special cases stated, and special verdicts, the Court shall draw all inferences of facts or law that the court or jury could have drawn from the facts so agreed or stated, as if the same had been offered in evidence, etc., does not relieve the parties from the necessity of properly presenting the questions of law to the lower court, if there is to be an appeal from it to the Court of Appeals.  p. 10

Where the record does not show that issue was joined, but only general issue pleas, and that the case was submitted to the Court on an agreed statement of facts, a formal joinder of issue may be treated as waiver.  p. 10

*Decided February 13th, 1913.*

Appeal from the Circuit Court for Charles County (BEALL, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*F. Stone Posey,* for the appellant.

*Walter J. Mitchell,* for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The appellant sued the appellee in assumpsit on six common counts. Upon a demand for a bill of particulars there was filed what is called a "List of County Orders," which states the names of various persons with an amount opposite each name—the aggregate being $1,949.25. The defendant filed the general issue pleas of never promised as alleged and never indebted as alleged, and there follows in the record what is called "Agreed Statement of Facts." It begins, "It is agreed between the attorneys for the respective parties as follows:" Certain facts are then stated, concluding with "It is agreed that no interest, if any is found due shall be paid after the 3rd Monday in May, 1911, at which date the plaintiff received the full principal sum." There is nothing in the agreed statement to show that the case was submitted to the Court, but the docket entries state, "Agreed Statement of Facts, filed and case submitted to the Court thereon," and that subsequently there was "Judgment for defendant and costs."

No prayers were offered, and there is nothing in the agreed statement to indicate that any question of law was submitted to the Court for its determination. We find from the arguments and briefs of the attorneys that the principal question supposed to be raised was whether the County Commissioners were liable for interest, and if so from what time it should

begin to run—the appellant contending that it ran from the
date of the levy.    But under the well settled rule in such
cases, established by numerous decisions of this Court, we
are not authorized to review the decision of the lower Court,
for the simple reason that no question of law decided by it
has been brought before us in such way that we would be
justified in doing so.    An examination of the agreed state-
ment will suggest that several questions of law might have
been submitted for the determination of the Court, based on
the facts agreed to, but if it were desired to have this Court
review the decision of the lower Court on any or all of them,
the parties could have had a case stated, presenting such
questions, or prayers could have been offered and the rulings
thereon brought before us by a bill of exceptions.

If the parties had by witnesses proved the facts set out in
this agreed statement it could not be pretended that we would
be authorized to review the judgment of the Court rendered
on such facts, and upon what principle can we review it sim-
ply because the facts were agreed to ?    As was said by JUDGE
BRYAN in *Tyson and Rawls* v. *Western Nat. Bank,* 77 Md.
420 : "When the Court takes the place of a jury the circum-
stance that the facts were admitted can make no difference ;
because facts may be admitted before a jury as well as before
a Court, and in either case the law requires that the specific
point on questions to which objection is made must be shown
to us by a bill of exceptions."    Then after speaking of a case
stated for the opinion of the Court, JUDGE BRYAN went on to
say : "In a trial before the Court sitting by consent without
a jury, it deals with the facts in all respects as a jury would
do.    In a case stated, it ought affirmatively to appear that
it is submitted to the Court for its opinion on the law, and
that it is requested to render a judgment in accordance
therewith.    An examination of the numerous cases of this
kind which appear in our reports will show that this is the
approved practice in civil cases.    We are not now concerned
with criminal procedure."

There are many other cases on the subject in this State, of which we will only mention *Jackson* v. *Commissioners of Salisbury,* 66 Md. 459; *New and Sons* v. *Taylor,* 82 Md. 40; *B. C. & A. Ry. Co.* v. *Wicomico Co.,* 93 Md. 113, and *Mayor, Etc., of Baltimore* v. *Consol. Gas Co.,* 99 Md. 540.

Since the Act of 1888, Chapter 317 (section 15 of Article 26 of Code of 1912) "Upon all agreed statements of facts, all special cases stated and all special verdicts the Court shall be at liberty to draw all inferences of facts or law that Court or jury could have drawn from the facts so agreed or stated as if the same had been offered in evidence upon a trial before the Court or before the Court and a jury," but that does not relieve the parties from the necessity of properly presenting the questions of law to be submitted to the lower Court, if it is desired to have us review such decisions. The cases above cited show how such questions can be properly presented, but we will not prolong this opinion by quoting from them.

The *narr.* omits the words "for money payable by the defendant to the plaintiff" before the common counts, which omission was held to be fatal on demurrer (except as to a count for an account stated) as early as *Merryman* v. *Rider,* 34 Md. 99, and that decision has been followed by others, but as the sufficiency of the *narr.* is not before us, we only mention it in order that it may not be supposed we approved of it by our reference to the common counts in the early part of this opinion. The record does not show that issue was joined, but as there were only general issue pleas and the case was submitted to the Court, a formal joinder of issue would have been treated as waived, or as a mere matter of form, under the case of *Charles County* v. *Mandanyohl,* 93 Md. 150, even if the question had been properly presented to us. It follows from what we have said that the appeal must be dismissed.

*Appeal dismissed, the appellant to pay the costs.*