The appellant sued the appellee in assumpsit on six common counts. Upon a demand for a bill of particulars there was filed what is called a "List of County Orders," which states the names of various persons with an amount opposite each name — the aggregate being $1,949.25. The defendant filed the general issue pleas of never promised as alleged and never indebted as alleged, and there follows in the record what is called "Agreed Statement of Facts." It begins, "It is agreed between the attorneys for the respective parties as follows:" Certain facts are then stated, concluding with "It is agreed that no interest, if any is found due shall be paid after the 3rd Monday in May, 1911, at which date the plaintiff received the full principal sum." There is nothing in the agreed statement to show that the case was submitted to the Court, but the docket entries state, "Agreed Statement of Facts, filed and case submitted to the Court thereon," and that subsequently there was "Judgment for defendant and costs."
No prayers were offered, and there is nothing in the agreed statement to indicate that any question of law was submitted to the Court for its determination. We find from the arguments and briefs of the attorneys that the principal question supposed to be raised was whether the County Commissioners were liable for interest, and if so from what time it should *Page 9 
begin to run — the appellant contending that it ran from the date of the levy. But under the well settled rule in such cases, established by numerous decisions of this Court, we are not authorized to review the decision of the lower Court, for the simple reason that no question of law decided by it has been brought before us in such way that we would be justified in doing so. An examination of the agreed statement will suggest that several questions of law might have been submitted for the determination of the Court, based on the facts agreed to, but if it were desired to have this Court review the decision of the lower Court on any or all of them, the parties could have had a case stated, presenting such questions, or prayers could have been offered and the rulings thereon brought before us by a bill of exceptions.
If the parties had by witnesses proved the facts set out in this agreed statement it could not be pretended that we would be authorized to review the judgment of the Court rendered on such facts, and upon what principle can we review it simply because the facts were agreed to? As was said by JUDGE BRYAN in Tysonand Rawls v. Western Nat. Bank, 77 Md. 420: "When the Court takes the place of a jury the circumstance that the facts were admitted can make no difference; because facts may be admitted before a jury as well as before a Court, and in either case the law requires that the specific point on questions to which objection is made must be shown to us by a bill of exceptions." Then after speaking of a case stated for the opinion of the Court, JUDGE BRYAN went on to say: "In a trial before the Court sitting by consent without a jury, it deals with the facts in all respects as a jury would do. In a case stated, it ought affirmatively to appear that it is submitted to the Court for its opinion on the law, and that it is requested to render a judgment in accordance therewith. An examination of the numerous cases of this kind which appear in our reports will show that this is the approved practice in civil cases. We are not now concerned with criminal procedure." *Page 10 
There are many other cases on the subject in this State, of which we will only mention Jackson v. Commissioners ofSalisbury, 66 Md. 459; New and Sons v. Taylor, 82 Md. 40;B.C. A. Ry. Co. v. Wicomico Co., 93 Md. 113, and Mayor,Etc., of Baltimore v. Consol. Gas Co., 99 Md. 540.
Since the Act of 1888, Chapter 317 (section 15 of Article 26 of Code of 1912) "Upon all agreed statements of facts, all special cases stated and all special verdicts the Court shall be at liberty to draw all inferences of facts or law that Court or jury could have drawn from the facts so agreed or stated as if the same had been offered in evidence upon a trial before the Court or before the Court and a jury," but that does not relieve the parties from the necessity of properly presenting the questions of law to be submitted to the lower Court, if it is desired to have us review such decisions. The cases above cited show how such questions can be properly presented, but we will not prolong this opinion by quoting from them.
The narr. omits the words "for money payable by the defendant to the plaintiff" before the common counts, which omission was held to be fatal on demurrer (except as to a count for an account stated) as early as Merryman v. Rider, 34 Md. 99, and that decision has been followed by others, but as the sufficiency of the narr. is not before us, we only mention it in order that it may not be supposed we approved of it by our reference to the common counts in the early part of this opinion. The record does not show that issue was joined, but as there were only general issue pleas and the case was submitted to the Court, a formal joinder of issue would have been treated as waived, or as a mere matter of form, under the case of Charles County v.Mandanyohl, 93 Md. 150, even if the question had been properly presented to us. It follows from what we have said that the appeal must be dismissed.
Appeal dismissed, the appellant to pay the costs. *Page 11