In this case a writ of attachment was issued upon a judgment held by the appellant company against one Raymond K. Tongue and was returned laid in the hands of the appellee company as garnishee.
That company, as garnishee, filed its plea thereto stating therein that it, "at the time of laying the attachment in its hands it had not, nor at any time since has had, nor now has any of the goods, chattels or credits of the said defendant in its hands." A replication was filed thereto, in which it was stated that "the garnishee had at the time of the laying of the attachment in its hands the sum of one hundred dollars of the defendant." As a rejoinder thereto the garnishee alleged that at such time "it had no funds whatever in its hands due the said Raymond K. Tongue"; and upon joinder of issue thereon the case was tried by the Court without the intervention of a jury.
Testimony was taken at the trial of the case and when concluded the Court announced its verdict in favor of the garnishee. To which verdict the plaintiff excepted. Thereafter the plaintiff filed its motion for a new trial which was overruled and this appeal was taken by the plaintiff from the judgment entered upon said verdict.
The record does not disclose that in the trial of the case any motions were made or any exceptions taken to the admission or rejection of testimony, nor was the Court asked to pass on any proposition of law.
The only exception appearing in the record is the exception to the "verdict" which was the determination of the Court upon the weight and effect of the testimony offered in support of the issues joined.
This Court in Tinges v. Moale, 25 Md. 485, said: "In this case, we can not examine the facts in evidence in the bill of exceptions with a view to adjudge whether the finding by the Court, was, or was not correct. As to that branch of the case, no appeal lies, and we entertain none. If a question of law has been raised upon them below for decision, *Page 194 
and that appears from the record, it is our duty to examine and pronounce upon it. We can look to the character of the facts in proof only so far as may be necessary or proper to understand and apply the law in question." In that case, however, it appeared from the record that a motion had been made and passed upon by the Court, raising a question of law and the appeal was entertained.
In New Sons v. Taylor, 82 Md. 40, it was agreed to submit the case for trial to the Court, and after the hearing of evidence, the Court directed a judgment to be entered for the defendant's cost of suit.
JUDGE BRISCOE, speaking for the Court in that case, said: "It is well settled that where the Court hears the case as a jury, their conclusion, like that of a jury, is subject to no appeal."Sheppard Jones v. Willis, 28 Md. 631.
"The practice is too well settled now to be disturbed, says the Court in McCullough v. Biedler, 66 Md. 284, `that when cases are tried before the Court, without a jury the Court may and ought to be asked to decide any legal proposition which either party may think essential to his case, and if he desires to appeal he should make the Courts' ruling thereon the basis of his exception,' * * * and there being no legal question before us toreview, or which we can review, the appeal will be dismissed." To the same effect are the cases of Turner v. Eagan,116 Md. 35; Bank of La Plata v. Charles County, 120 Md. 7. Following the decisions of this Court the appeal will be dismissed.
Appeal dismissed, with costs, to the appellee. *Page 195