# GEORGE C. WEGEFARTH

## *vs.*

## GEORGE F. WEISSNER AND HENRY F. WEISSNER AND THE JOHN F. WEISSNER & SONS BREWING COMPANY.

*Bills of exceptions: time for signing; Baltimore City; Ch. 625 of Acts of 1918.*

Under the terms of Chapter 625 of the Acts of 1916, changing the law as to the time for the signing of bills of exceptions in the City of Baltimore, they may be signed at any time during the period within which the appeal may be taken, and upon filing the order for appeal the appellant is allowed two months longer within which to prepare exceptions.        p. 603·

The jurisdiction and power of the trial judge to sign bills of exception is reviewable on appeal, as where it is a question of their not having been signed within the time provided by law, the rules of the court or the consent of the parties, etc.

p. 604

*Decided April 25th, 1918.*

Appeal from the Baltimore City Court.   (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*William L. Marbury* and *Edward M. Hammond* (with whom were *Albert S. Gill* and *William L. Rawls* on the brief), for the appellant.

*Albert C. Ritchie* and *Charles F. Harley* (with whom was *John M. Requardt* on the brief), for the appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal is by the plaintiff from a judgment of the Baltimore City Court in favor of the defendants for costs, and the appellees have filed in this Court a motion to dismiss the appeal on the ground that the bills of exceptions were not presented to them or signed by the judge within the time allowed by the Act of 1916, Chapter 625.

The Act referred to is as follows:

"Section 1. *Be it enacted by the General Assembly of Maryland,* That Section 173 of the Acts of 1886, Chapter 184, codified in the revised Charter of Baltimore City as section 316, be and the same is hereby repealed and re-enacted, with amendments, so as to read as follows:

"Bills of exception may be signed in any cause pending in any of said courts, at any time within the period that the parties, or any of them, shall have the right to file an appeal from the rendition of the verdict by the jury or the findings of the court upon the issue of fact in said cause; and upon filing the order for such an appeal, the time for signing said bills of exceptions shall thereby be further extended until ten days before the period within which it is required that the record shall be transmitted to the Court of Appeals; provided that the party appealing, or his counsel, shall submit the bills of exceptions to the appellee, or his counsel, not less than thirty days prior to the time that the record must be filed in the Court of Appeals, for the purpose of amendments or additions to the said bills of exceptions, and the appellee, or his counsel, within fifteen days after said bills of

exceptions shall have been submitted to him, shall return said bills of exceptions to the appellant, or his counsel, with such amendments or additions as he may desire. And upon his failure to return said bills of exceptions within said time, the bills of exceptions shall be signed by the Court, as originally prepared by the appellant, or his counsel. If the said appellee, or his counsel, shall return the said bills of exceptions to the appellant, or his counsel, with his amendments or additions, as hereinabove provided, the said bills of exceptions, with such amendments or additions shall forthwith be presented to the judge before whom the said case was tried, who shall settle the same within five days thereafter."

According to the terms of this Act, the bills of exceptions may be signed at any time during the period within which the parties have a right to appeal from the "rendition of the verdict of the jury or the findings of the Court upon the issue of fact in said cause," and upon the filing of an order for an appeal, the time for signing the bills of exceptions is further extended until ten days before the expiration of the period within which the Record is required to be transmitted to the Court of Appeals; provided the appellant submits the bills of exceptions to the appellee, or his counsel, for such amendments or additions as he may desire, not less than thirty days before the expiration of the time within which the Record must be transmitted to the Court of Appeals, and the appellee, or his counsel, shall within fifteen days from the time he receives them return the bills of exceptions, with the amendments and additions he desires, to the appellant, or his counsel. The Act then provides that upon the failure of the appellee to return the bills of exceptions, etc., within the time mentioned, they "shall be signed by the Court, as originally prepared by the appellant, or his counsel," and that if the bills of exceptions, with the additions and amendments desired by the appellee, shall be returned to the appel-

lant as therein provided, they shall be forthwith presented to the judge, "who shall settle the same within five days thereafter."

The Record shows that the verdict in the case in favor of the defendants was rendered under the instructions of the Court on the 28th of June, 1917, and that the final judgment was entered on the 2nd of July, 1917. On the 20th of July the Court extended the time for signing the bills of exceptions until the 1st of September, 1917, and by subsequent orders, each one of which was passed by the Court before the expiration of the time allowed in the last previous order, the time was further extended "until and including" the 15th of November, 1917. The order for the appeal was filed on the 16th of August, but the bills of exceptions were not submitted to the appellees until the first of November, 1917, and on that day counsel for the appellees notified counsel for the appellant that the bills of exceptions had been submitted to them too late, and that, without waiving the provisions of the Act, they would examine same and return them with such amendments as they desired "as expeditiously as possible within the time allowed by law." The bills of exceptions, with a long list of the additions and amendments desired by the appellees, were returned to the appellant on the 12th of November, and on the 15th of November, 1917, they were signed by JUDGE HEUISLER, who certified that he did so "over the objections of the defendants that the said bills of exceptions were submitted too late to the appellees or their counsel, and too late to the Court," and that no objections were made to their contents.

The appellees insist that the provisions of the Act "as to time" are mandatory, while the appellant contends that the Act does not deprive the trial Court of the power to extend the time for signing bills of exceptions; that it does not apply to appeals from judgments, and that the appellees by accepting, reviewing and suggesting amendments and addi-

tions to the bills of exceptions, waived their right to object that they were not given the exact time allowed by the Act.

That part of the Act which provides that the bills of exceptions may be signed at any time within the period that the parties have the right to file an appeal "from the rendition of the verdict by the jury or the findings of the Court upon the issue of fact in said cause," when applied to ordinary suits at law, must be construed to mean that the bills of exceptions may be signed within the period an appeal can be taken from the judgment. The Act was obviously intended to cover all cases in which bills of exceptions are required, while the language employed would suggest that the framer of the Act had in mind cases, such as the trial of issues from the Orphans' Court or courts of equity, in which no judgment is entered in the Court of law, and the appeal is taken, on exceptions, from a ruling or "determination" of the Court. In ordinary suits at law there can be no appeal from the verdict (*New & Sons* v. *Taylor,* 82 Md. 40; *Mass. Bond. Co.* v. *Casualty Ins. Co.,* 129 Md. 192), and the right to appeal does not arise until a final judgment has been entered. *Hayman* v. *Lambden,* 97 Md. 33. In cases where the appeal is from the judgment of the Court, this provision of the Act must be held to authorize the signing of the bills of exceptions at any time within the period an appeal may be entered from the judgment, and in the cases where no judgment is entered in the Court of law, the bills of exceptions may be signed within the time the appeal may be taken from a ruling or determination of the Court. Code, Article 5, Sections 5 and 6; *Hoppe* v. *Byers,* 60 Md. 381.

The order for the appeal having been filed on the 16th of August, the time for signing the bills of exceptions was thereby extended to ten days before the expiration of the three months within which the Record should have been sent to the Court of Appeals (Code, Article 5, Section 6), and the Act required the appellant to submit the bills of exceptions to the appellees not less than thirty days before the

expiration of said three months. The bills of exceptions were not presented to the appellees until the first of November, 1917, and were not signed by the Court until the 15th of November, but, as we have said, the Court had, by its several orders, extended the time for the signing of the bills of exceptions "until and including" the latter date, and the question is, Did the Court below have the authority to extend the time and to sign the exceptions under the circumstances stated?

Section 316 of the Charter of Baltimore City, which was repealed by the Act of 1916, provided:

> "Bills of exception may be signed in any cause pending in any of said courts at any time within thirty days from the rendition of the verdict of the jury or the findings of the court upon the issue of fact in said cause, but not thereafter, unless the time for signing said bill of exception shall have been previously extended by order of court or by consent of the parties."

Under that section of the Charter, this Court repeatedly held that the trial Court had the authority to extend the time for signing bills of exceptions, provided the order to that effect was passed within the thirty days, or within the time allowed by the last previous order. *Gottlieb* v. *Fred. W. Wolf Co.*, 75 Md. 126; *Edelhoff* v. *Horner-Miller Mfg. Co.*, 86 Md. 595. But where the time for signing the bills of exceptions was not extended by consent of the parties, or by an order passed within the thirty days from the rendition of the verdict, and the exceptions were not signed within the thirty days, this Court held in *Am. Tobacco Co.* v. *Strickling*, 88 Md. 500, the appeal should be dismissed. In 2 *Poe's P. & P.*, sec. 319, it is said: "The subject is usually regulated by the rules of Court, which almost universally provide that bills of exceptions shall be prepared and tendered to the Court during the term at which the case is tried, unless otherwise specially ordered by the Court. If an extension of time

is applied for during the term, and granted, or if the parties
consent, they may be prepared and signed after the expiration of the term; but in the absence of such extension or consent, the Court has no power to sign them, and in the appellate Court they will, if objected to, be disregarded, and not
be considered as part of the record." In the case of *Carter
v. Md. & Pa. R. Co.,* 112 Md. 599, the Court said: "Each
of these orders was signed before the expiration of the last
previous one so that there was no break or gap in the total
period of the extension of the time. We do not think that
the Court below exceeded its power in granting these extensions of time. As no rule of that Court regulating this subject appears in the record we assume that none exists. Under
the ordinary practice, although the exception to a ruling of
the Court must be taken at the time the ruling is made, it is
neither usual nor necessary to prepare the bills of exceptions
or have them signed until after trial at some convenient time
during the term at which the case is tried; unless otherwise
specially ordered by the Court, which may by an order passed
during the term extend the time beyond its expiration. * * *
Although this Court has repeatedly emphasized the importance of having bills of exception prepared and signed promptly while the recollection of the facts involved in them is fresh
in the minds of the Court and counsel, it has in several cases
recognized the power of the Court below to grant successive
extensions of time for that purpose where the first extension
is made before the expiration of the term and each subsequent one is granted before the expiration of the preceding
one." These decisions are to the effect that where there is a
statute or rule of Court fixing the time in which bills of exceptions may be signed, the Court, in the absence of some
provision to the contrary, may, by an order passed within
the time specified, extend the time for the signing of the bills
of exceptions, and where there is no rule of Court or statute
upon the subject, the bills of exceptions must be signed during the term unless the Court, by an order passed during the
term, extends the time beyond the expiration of the term

Now the Act of 1916, Chapter 625, does in effect provide that, where an order for an appeal has been filed, the bills of exceptions must be signed ten days before the record must be transmitted to the Court of Appeals, but it does not in terms prohibit the judge from signing them at a later date, nor is there anything in the Act to indicate that the Legislature intended to deprive the Court of its power to extend the time in a proper case. It requires the appellant to submit the bills of exceptions to the appellee or his counsel not less than thirty days prior to the expiration of the time within which the record must be filed in the Court of Appeals, but it does not provide that upon his neglect to do so he shall be deprived of the benefit of his exceptions, although such neglect on his part may result in his failure to have the exceptions signed within the time provided by the Act, and his losing the benefit of his appeal, unless the Court extends the time for the signing of the same. It is clear that that part of the Act which provides that upon the failure of the appellee to return the bills of exceptions within the fifteen days mentioned they shall be signed by the Court as originally prepared by the appellant, and the further provision of the Act that upon the return of the bills of exceptions by the appellee, with his amendments and additions, the same shall forthwith be presented to the judge, "who shall settle the same within five days thereafter," can not be said to be mandatory. To hold that they are mandatory would require the Court to sign the bills of exceptions notwithstanding they were not properly prepared by the appellant, or might deprive the appellant of the benefit of his exceptions, or of his right of appeal, because of his inability to present the bills of exceptions to the judge, who may be sick or absent, or because of the inability of the judge, by reason of sickness or pressing engagements, to sign them within the five days.

The judgment in this case was rendered on the 2nd of July, and section 302 of the Charter provides that the stated terms of the Baltimore City Court shall commence on the second Monday of January, second Monday of May and the

second Monday of September. The first order for an extension of the time for signing the bills of exceptions was therefore passed during the time allowed by the statute, and during the term of Court at which the judgment was rendered, and each of the subsequent orders extending the time was passed before the expiration of the time allowed in the next preceding order. Under these circumstances, and upon the authorities cited, we can not hold that the Court below exceeded its authority in extending the time for signing the bills of exceptions, or that the same were signed too late.

Under section 316 of the Charter bills of exceptions had to be signed within thirty days from the rendition of the verdict unless the time was extended by the Court or by consent of the parties, and the evident purpose of the Act of 1916, Chapter 625, was to allow the appellant ample time for the preparation and signing of the bill of exceptions, and to do away with the necessity of repeated orders for an extension of the time. Under the terms of the Act, the bills of exceptions may be signed at any time during the time within which the appeal may be taken, and upon the filing of the order for appeal, the appellant is allowed two months longer within which to prepare them. Ordinarily the time allowed by the statute would seem to be amply sufficient for the preparation of the bills of exceptions, and the time for signing them should not be extended by the trial Court, except upon a petition setting forth good and sufficient reasons therefor, and where the judge is satisfied that the reasons are well-founded.

The appellees did not waive their right to object to the signing of the bills of exceptions. On the contrary, they notified counsel for the appellant when the bills of exceptions were submitted to them that they did not waive their right to rely upon the provisions of the Act.

It is suggested in the brief of the appellant that the action of the trial judge in signing bills of exceptions cannot be reviewed by this Court, but of course this is not so if the judge

had no jurisdiction to sign them, for instance, where they were not signed during the time fixed by statute or rule of Court, or during the term of Court at which the judgment was entered, in a case where there was no rule of Court or statute on the subject; or by consent of the parties, or during the life of an order passed during the time fixed by rule of Court or statute, or during the term of Court in a case where there was no rule of Court or statute. *Am. Tobacco Co. v. Strickling, supra.*

It follows from what has been said that the motion to dismiss the appeal must be overruled. While no opinion can be filed dealing with the case on its merits because the Court is divided as to the proper disposition to be made of it, we have concluded to dispose of the motion to dismiss the appeal because the Act of 1916 has never been construed by this Court, and because several motions based upon its provisions have been filed in this Court to dismiss the appeals in other cases.

*Motion to dismiss the appeal overruled.*

A motion for a reargument of this case was granted on the 10th of July, 1918.